RETURN DATE: JANUARY 18, 2000      :      SUPERIOR COURT

SOUTH LYME PROPERTY OWNERS      :      JUDICIAL DISTRICT OF
ASSOCIATION, INC., CHARLES AND      :      NEW LONDON
VICTORIA PARSONS AND
JOAN BYER

VS.      :      AT NEW LONDON

TOWN OF OLD LYME, TOWN OF
OLD LYME ZONING
COMMISSION, ERIC FRIES, GEORGE
JAMES, JANE MARSH, THOMAS RISOM,
WALTER SEIFERT, SHARON COLVIN AND
MARILYN OZOLS      :      DECEMBER 29, 1999

## S U M M O N S

TO THE SHERIFF OF THE JUDICIAL DISTRICT OF NEW LONDON, OR HIS DEPUTIES, WITHIN THAT DISTRICT, OR TO ANY PROPER OFFICER, GREETINGS:

BY AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to make service of the foregoing Writ, Verified Complaint, Application and Order to Show Cause upon the Town of Old Lyme, 52 Lyme Street, Old Lyme, Connecticut, by service upon the Town Clerk, Irene A. Carnell and the First Selectman, Timothy C. Griswold, Griswold Point, Old Lyme, Connecticut; the Old Lyme Zoning Commission, 52 Lyme Street, Old Lyme, Connecticut, by service upon the Town Clerk, Irene A. Carnell, and the Chairman of the Old Lyme Zoning Commission, Eric Fries, 3 Stonewood Dr., Old Lyme; George James, Boston Post Road, Old Lyme, Connecticut; Eric Fries, 3 Stonewood Dr., Old

1

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP · ATTORNEYS AT LAW
136 WEST MAIN STREET · POST OFFICE BOX 2050 · NEW BRITAIN CT 06050-2950 · (860) 229-4865 · (860) 225-6403 · JURIS NO 37765
FAX (860) 229-4026

# EXHIBIT A

Lyme, Connecticut; Jane Marsh, 81 Mile Creek Road, Old Lyme, Connecticut; Thomas Risom, 301 Ferry Road, #2, Old Lyme, Connecticut; Walter Seifert, 17 Flat Rock Hill Road, Old Lyme, Connecticut; Sharon Colvin, 109 Boston Post Road, Old Lyme, Connecticut; and Marilyn Ozols, 104 Salt Island Road, Westbrook, Connecticut, the Defendants named in the foregoing Complaint, by serving on them in a manner prescribed by law a true and attested copy of the Writ, Complaint, Application and Order to Show Cause and a true and attested copy of the foregoing Order upon the Town of Old Lyme, the Old Lyme Zoning Commission, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert, Sharon Colvin and Marilyn Ozols in a manner prescribed by law.

HEREOF FAIL NOT, but do service and return make in accordance with said Order.

Dated at New Britain, Connecticut this 29th day of December 1999.

PLAINTIFFS, SOUTH LYME PROPERTY
OWNERS ASSOCIATION, INC., CHARLES AND
VICTORIA PARSONS AND JOAN BYER

BY

Stephen J. Anderson
Kenneth R. Slater, Jr.
Eisenberg, Anderson Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Telephone: (860) 225-8403

2

TO THE SHERIFF OF THE JUDICIAL DISTRICT OF NEW LONDON, HIS/HER DEPUTIES, OR ANY PROPER OFFICER, GREETINGS:

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to summon the Town of Old Lyme, 52 Lyme Street, Old Lyme, Connecticut, the Old Lyme Zoning Commission, 52 Lyme Street, Old Lyme, Connecticut George James, Boston Post Road, Old Lyme, Connecticut, , Eric Fries, 3 Stonewood Dr., Old Lyme, Connecticut, Jane Marsh, 81 Mile Creek Road, Old Lyme, Connecticut, Thomas Risom, 301 Ferry Road, #2, Old Lyme, Connecticut, Walter Seifert, 17 Flat Rock Hill Road, Old Lyme, Connecticut, Sharon Colvin, 109 Boston Post Road, Old Lyme, Connecticut and Marilyn Ozols, 104 Salt Island Road, Westbrook, Connecticut, and they summon to appear before the Superior Court in and for the Judicial District of New London, at New London, on the Third Tuesday of January (January 18, 1999) and that appearance to be made by the Town of Old Lyme, the Old Lyme Zoning Commission, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert, Sharon Colvin and Marilyn Ozols, or their attorneys by filing a written statement of appearance with the Clerk of the Court on or before the second day following that return date, then and there to answer unto South Lyme Property Owners Association, Inc., a corporation organized under the laws of the State of Connecticut with a principal place of business of 1 Hartford Square, New Britain, Connecticut 06052, Charles and Victoria Parsons, of Old Lyme, Connecticut, and Joan Byer of Old Lyme, Connecticut in a civil action wherein Plaintiffs complain and allege:

### The Parties

1.    Plaintiff, South Lyme Property Owners Association, Inc. ("Association") is a

Connecticut non-stock corporation located in Old Lyme, Connecticut.

2.    Defendant Town of Old Lyme ("Town") is a Connecticut municipal corporation.

3.    Defendant Old Lyme Zoning Commission ("Commission") is the agency designated

by the Defendant Town to adopt and administer the Zoning Regulations

3

("Regulations") for the Town and empowered to act as a zoning commission pursuant to Chapter 124 of the Connecticut General Statutes.

4.  Defendants, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert and Sharon Colvin are all individuals residing in the Town of Old Lyme, Connecticut and were members of the Commission at relevant times of this complaint.

5.  Defendant Marilyn Ozols is the Zoning Enforcement Officer ("ZEO") of the Defendant Town and is empowered to exercise zoning enforcement duties set forth in Chapter 124 of the Connecticut General Statutes and to enforce the Zoning Regulations as adopted by the Defendant Commission.

6.  Plaintiff Association's members are comprised of owners of real property in the Town of Old Lyme aggrieved by the actions of Defendants in adopting and implementing an unlawful zoning scheme to prohibit the use of their residentially zoned properties during the months of November through April of each year.

7.  Plaintiff Association was established by its members to take action, including litigation, to challenge the unlawful actions of the Town in seeking to restrict their private property rights.

8.  Plaintiffs, Charles and Victoria Parsons, are the owners of property known as 11

4

Brookside Avenue, Old Lyme, Connecticut and members of the Association.

9. Plaintiff, Joan Byer is the owner of property known as 61 Breen Avenue, Old Lyme, Connecticut and a member of the Association.

10. Plaintiffs Parsons' and Byer's properties (hereinafter collectively referenced as "Plaintiffs' Properties") are each located within the R-10 zoning district pursuant to zoning regulations adopted by the Commission, are serviced by year round water, and comply with the Public Health Code of the State of Connecticut, § 19-13-B103b *et seq* of the Regulations of Connecticut State Agencies, for year-round use of on-site underground septage disposal systems.

11. Each individual Plaintiff purchased his or her property for year-round use and enjoyment.

## Zoning History

12. Since the adoption of zoning by the Town in 1957, Plaintiffs' Properties have been located in a residential zoning district which permits, as-of-right, the construction and use of single-family dwellings.

13. Since as early as 1977, the Defendants began to undertake efforts to limit the use of the Plaintiffs' Properties, and other similarly situated R-10 properties containing residential

5

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP · ATTORNEYS AT LAW
136 WEST MAIN STREET · POST OFFICE BOX 2950 · NEW BRITAIN, CT 06050-2950 · (860) 229-4855 · (860) 225-4401 · JURIS NO. 12765
FAX (860) 223-4026

dwellings that were constructed prior to the adoption of zoning regulations establishing a minimum lot area of 10,000 square feet for the construction of new residential dwellings.

14. During 1983, Article I, Section C.57 of the 1983 Zoning Regulations of the Town of Old Lyme was adopted to define "seasonal dwelling" as:

> A dwelling unit, designed, used, or intended to be used for seasonal use.

15. During 1983, Article I, Section C.58 of the Zoning Regulations of the Town of Old Lyme was adopted defining "seasonal use" as:

> The use of a structure for dwelling purposes between April 1 and November 15, only.

16. Despite the inclusion of definitions of "seasonal dwellings" and "seasonal use," the Zoning Regulations of the Town of Old Lyme in 1983 contained no restrictions limiting the use of any R-10 properties to "seasonal use" or restricting the use of "seasonal dwellings."

17. On various occasions after 1983, the Defendant Town, acting through, among others, the Defendant ZEO, attempted to prevent certain persons from using their R-10 properties during the months of November through April based solely on the fact that

6

**EISENBERG, ANDERSON, MICHALIK & LYNCH LLP**   •   ATTORNEYS AT LAW
136 WEST MAIN STREET   •   POST OFFICE BOX 2950   •   NEW BRITAIN CT 06050-2950   •   (860) 229-4855   •   (860) 225-8403   •   JURIS NO. 57765
FAX (860) 223-4026

dwellings were located on lots having less than 10,000 square feet of area.

18. This Court, in the cases of <u>Arcata v. Zoning Board of Appeals of Town of Old Lyme</u>, 1993 WL 394500 (Hurley, J., Sept. 21, 1993); <u>Habicht v. Zoning Board of Appeals of Town of Old Lyme</u>, 1993 WL 284791 (Austin, J., July 22, 1993); and <u>French v. Zoning Board of Appeals of Town of Old Lyme</u>, 1993 WL 284789 (Austin, J., July 22, 1993), found that the Defendant Town's Zoning Regulations did not provide adequate authority to restrict R-10 property owners from using their properties on a year-round basis. The Court, in each case, found that the use of existing dwellings during particular times of the year does not have the effect of illegally expanding any nonconformity related to lot size.

19. Prior to this Court's decisions in each of the above cases, the Defendant Commission undertook a comprehensive revision of its Zoning Regulations which was completed in late 1991 and became effective on January 1, 1992 (the "1992 Regulations").

20. The 1992 Regulations, like their predecessor regulations, provided that year-round use of a single-family dwelling was a permitted as-of-right use in the R-10 zoning district.

21. The 1992 Regulations governing permitted uses in the R-10 zone included no limitation of the months in which a single-family dwelling could be used.

7

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP • ATTORNEYS AT LAW
136 WEST MAIN STREET • POST OFFICE BOX 2950 • NEW BRITAIN, CT 06050-2950 • (860) 229-4165 • (860) 225-8403 • JURIS NO 17705
FAX (860) 223-4025

22.  Although year-round use of a single family dwelling in an R-10 zone was expressly permitted by the 1992 Regulation and, therefore, was not a nonconforming use, Article III, Section E.1.3 of the Regulations prohibiting the expansion of "nonconforming uses" was amended in 1992 to provide:

> These prohibitions specifically include the occupancy of a seasonal use beyond the period of November 15 to April 1 and the winterization, refurbishment or remodeling of a seasonal dwelling to accommodate other than seasonal use.

23.  On April 10, 1995, the Defendant Commission adopted additional amendments to the Regulations, effective June 5, 1995 ("the 1995 Amendments"), in an effort to restrict the use of existing lawful nonconforming lots.

24.  The 1995 Amendments consisted of a revision to Schedule A-1 of the Regulations relating to the definitions of permitted uses within the R-10 zoning district. The definitions of uses permitted in the R-10 zone continue to list single-family residential dwellings as a permitted as-of-right use, but include an amendment which provides that residential use of property in the residential R-10 zone is subject to the "additional standards" contained within the newly revised Paragraph 21.2 of the Regulations.

25.  Paragraph 21.2 provides, in relevant part, that year-round use of single-family dwellings

8

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP  •  ATTORNEYS AT LAW
136 WEST MAIN STREET  •  POST OFFICE BOX 2950  •  NEW BRITAIN, CT 06050 2950  •  (860) 221-4855  •  (860) 225-8405  •  JURIS NO. 57766
FAX: (860) 223-4025

in the R-10 zone is subject to approval by the ZEO only upon proof of the following conditions:

(i) The lot shall contain a minimum of 10,000 square feet and there shall be no more than one dwelling unit located on the lot.

(ii) The application shall be accompanied by a site plan of the subject premises, prepared and certified in accordance with A-2 standards and in compliance with the requirements of Section 31.2.2 of these Regulations, showing the existing house location and the proposed or as-built location and design of the existing subsurface sewage disposal system, as appropriate. The site plan shall, as applicable, demonstrate that the provisions of the Public Health Code of the State of Connecticut regarding Building Conversion, Well Permits and the required separating distances, as the same may be amended from time to time, are complied with.

(iii) The structure's insulation, electrical system and heating system shall comply with the minimum standards then in effect established for a year-round dwelling by the State Building Code and other applicable standards.

(iv) In other than flood hazard zones, the space below the structure's lowest floor shall be enclosed with a suitable foundation wall. In flood hazard zones, such enclosure shall be in accordance with the construction and engineering standards than in effect established for new construction within such zones.

(v) The dwelling shall be served by a year-round water supply complying with all applicable State of Connecticut Health Department standards then in effect and which shall have been approved and granted a permit for year-round use by the Director of Health of Old Lyme or the Director's authorized agent.

(vi) The on-site sewage disposal system serving the dwelling shall comply

9

with applicable State of Connecticut Health Department standards then in effect and shall have been approved for year-round use by the Director of Health or the Director's authorized agent who will issue a permit to discharge sewage as required by State Statute. No certificate of zoning compliance shall be issued until such septic system has been completed, inspected and approved for use by the Director of Health or the Director's authorized agent, and a copy of the as-built system and its location, certified by the designing sanitarian or engineer, has been provided to the Zoning Enforcement Officer.

(vii) No grading, filling or other site development for the proposed dwelling or appurtenant structures or facilities shall cause ponding, flooding or adverse drainage conditions on any adjacent property.

(viii) In the determination of compliance with this subparagraph, the Director of Health, the Sanitarian, Building Official, Zoning Enforcement Officer or his authorized agent shall make site and structure inspections and/or require the applicant to submit written reports prepared by the suitable professional individual (s) providing information regarding compliance with the noted requirements.

(ix) The dwelling and associated lot shall not contain violations of the Old Lyme Zoning Regulations or the Town of Old Lyme's Housing Ordinance of April 28, 1966.

(x) A Certificate of Zoning Compliance shall be issued only upon full compliance with these Regulations and with respect to the conversion of a seasonal use dwelling to a year-round use dwelling, a notation shall be made in the Town land records releasing the seasonal use dwelling designation upon the issuance of a Certificate of Occupancy upon completion of the conversion in accordance with these requirements.

26.     The 1995 Amendments to Sections 21.2 and to Schedule A-1 of the Regulations,

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP   •   ATTORNEYS AT LAW
136 WEST MAIN STREET   •   POST OFFICE BOX 2950   •   NEW BRITAIN, CT 06050-2950   •   (860) 229-4855   •   (860) 225-8400   •   JURIS NO. 37765
FAX (860) 223-4076

together with that portion of Section 8.7.1 which provides that use of a dwelling between November 15 and April 1 is an enlargement or extension of a "nonconforming use" and are collectively referenced as the "Challenged Regulations."

27. Although year-round use of single family dwellings was permitted as-of-right in all residential zones in Old Lyme throughout 1992, the Challenged Regulations provide that only those property owners who can demonstrate to the ZEO's satisfaction that they were using their property on a year-round basis prior to January 1, 1992, will be able to continue to use their property on a year-round basis as a "nonconforming use."

28. The Challenged Regulations purport to prohibit the use of Plaintiffs' Properties between November 15 and April 1 of each year based solely upon the fact that the residential dwellings are located on lots that are legally nonconforming with respect to the 10,000 minimum area requirement adopted after the dwellings were constructed.

<u>Additional Efforts to Restrict Private Property Rights</u>

29. At various times since 1977, the Town employed a policy of denying public utility services during winter months to residential properties that it deemed were "seasonal."

30. Owners of R-10 zoned property were forced to vacate occupancy and use of their residences due to the Town's policy of requiring public utilities to shut off service to

11

certain residentially zoned property during the period between November 15 and April 1.

31.    During 1988, the Town's former Director of Health, Frank Kneen, undertook to place a "Seasonal Use Only" stamp ("SUO") on the official assessor's records of numerous residential properties in the R-10 zoning district, including those of the individual Plaintiffs.

32.    No provision of the General Statutes governing the duties of a municipal health director grants authority to impose a "seasonal use only" designation by a municipal health director upon records of a municipal assessor.

33.    Upon information and belief, the SUO designation was placed on properties based on the sole criterion that the lots so designated contained less than 10,000 square feet of area.

34.    The 1995 Amendments require the Defendant ZEO to undertake a systematic effort to place notices on the land records of the Town of Old Lyme that certain single dwellings located on lawful non-conforming lots are "seasonal" and cannot be used as residential dwellings between November 15 and April 1.

35.    In enforcing the provisions of the 1995 Amendments, the Defendant ZEO's

12

investigation is performed on a case-by-case basis and is limited to the review of existing public records. The ZEO's investigation does not include inspection of the properties or interviews of owners, former owners or neighbors of subject properties to ascertain whether property was actually used during winter months prior to January 1, 1992.

36.  No Old Lyme official or agency keeps, or is charged to keep and maintain records as to whether individual property owners occupy residential properties during certain months of the year.

37.  Despite the lack of any relevant and reliable public records, the ZEO issues "determinations" that R-10 properties were used only seasonally, based solely on a review of the public records, and thereby requires each property owner to rebut her finding by an appeal to the Zoning Board of Appeals.

38.  During appeals from her determinations to the Zoning Board of Appeals, the ZEO is represented by counsel, refuses to answer questions by property owners regarding the evidence supporting her seasonal use determination, and, without legal justification, refuses to comply with lawfully issued subpoenas compelling her to attend and submit to questions regarding seasonal use determinations.

13

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP  •  ATTORNEYS AT LAW
136 WEST MAIN STREET  •  POST OFFICE BOX 2950  •  NEW BRITAIN, CT 06050-2950  •  (860) 229-4855  •  (860) 225 8403  •  JURIS NO 37755
FAX (860) 223-4029

## COUNT I    Declaratory Relief

39.    The Challenged Regulations, which prohibit the use of residentially zoned R-10 properties containing single-family dwellings served by adequate heat, water and sewage disposal systems during four and one half months of the year due solely to the fact that residential dwelling exists on a lawful nonconforming lots having less than 10,000 square feet of area, bear no substantial relationship to the public health, safety, or general welfare and are, therefore, contrary to Connecticut General Statutes § 8-2.

40.    The Challenged Regulations bear no substantial relationship to the police powers vested in the Town and Commission, and therefore, violate Article I, Sections 8 and 10 of the Connecticut Constitution and the Fourteenth Amendment to the United States Constitution.

41.    The Defendant Town of Old Lyme's promulgation, passage, adoption and enforcement of the Challenged Regulations has the effect of depriving the Plaintiffs of any reasonable use of their property between the dates of November 15 and April 1 of each year without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

42.    The restriction of the usage of certain R-10 properties during certain winter months

14

based solely on the nonconformity with an area requirement of the Old Lyme Zoning Regulations constitutes the unlawful amortization of legally nonconforming property in violation of Connecticut General Statutes § 8-2.

43.     The Challenged Regulations' restrictions of the use of R-10 properties due to the existence of more than a single dwelling constructed on a lot prior to the adoption of zoning constitutes an unlawful amortization of legally nonconforming buildings in violation of Connecticut General Statutes § 8-2.

44.     The 1995 Challenged Regulations purporting to establish that the year round use of residential dwellings in the R-10 zone is not permitted unless a property owner establishes that the property was so used prior to June 1, 1992, violates the protections afforded nonconforming lots and uses set forth in Connecticut General Statutes § 8-2 and constitutes a retroactive zoning regulation in violation of Conn. Gen. Stat. §8-2h(a).

45.     Connecticut General Statutes § 8-2 provides that uses permitted in a particular zone must be uniform throughout a particular zoning district except a use may be allowed in the zoning district only upon satisfaction of standards set forth in the zoning regulations if the use is designated as a special permit or special exception use. The

15

imposition of conditional standards for the year-round use of residentially zoned property in the R-10 zone outside of the context of special permit or special exception review violates the zoning enabling act of Connecticut General Statutes Section 8-2.

46. The ZEO's arbitrary procedure in making seasonal use determinations based solely on a review of existing public records is in violation of the Plaintiffs' substantive and procedural due process rights protected by Article I, Section 8 and 10 of the Connecticut Constitution and the Fourteenth Amendment to the United States Constitution.

47. Actual bona fide and substantial questions of law and substantial uncertainty of legal relations exist between the parties, which questions and uncertainty require settlement by this Court.

16

## COUNT II   Section 42 U.S.C. 1983

1.  Paragraphs 1-47 of the First Count are hereby incorporated herein as paragraphs 1-47 of this Count.

48.  The Defendants, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert and Sharon Colvin, at relevant times mentioned were duly appointed and acting members of the Defendant Commission and, acting under color and pretense of law, deprived Plaintiffs of their rights, privileges and immunities under the United States Constitution and are sued in their individual and official capacity.

49.  The Defendant, Marilyn Ozols, at all relevant times mentioned was a duly appointed Zoning Enforcement Officer and, acting under color and pretense of law, deprived the Plaintiffs of their rights, privileges and immunities under the United States Constitution and is sued in her individual and official capacity.

50.  The effect of these Challenged Regulations and the actions of the Defendants are to deprive the Plaintiffs of the reasonable use of their property and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

51.  The regulations prohibiting the Plaintiffs from using their single-family residentially

17

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP   •   ATTORNEYS AT LAW
136 WEST MAIN STREET   •   POST OFFICE BOX 2950   •   NEW BRITAIN, CT 06050-2950   •   (860) 229-4855   •   (860) 229-8403   •   JURIS NO. 37765
FAX (860) 223-4026

zoned properties during certain months of the year denies the Plaintiffs Equal Protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

52.    Plaintiffs suffered and will continue to suffer irreparable injury as well as economic loss to which the Plaintiffs have no plain, adequate and expeditious remedy at law arising from the denial of equal protection and due process of law which loss is in itself irreparable, as well as economic loss, that is continuing and threatens to continue in the future, to the irreparable injury of the Plaintiffs.

18

EISENBERG, ANDERSON, MICHALIK & LYNCH LLP  •  ATTORNEYS AT LAW
136 WEST MAIN STREET  •  POST OFFICE BOX 2950  •  NEW BRITAIN, CT 06050-2950  •  (860) 229-4855  •  (860) 225-3403  •  JURIS NO 37705
FAX (860) 223-4026

## CLAIM FOR RELIEF

WHEREFORE, the PLAINTIFFS respectfully request the following relief:

1. A declaratory judgment that the Challenged Regulations are null and void because they:

    a. violate Connecticut General Statutes Section 8-2; and

    b. violate Article 1, Section 8, 10 and 20 of the Connecticut Constitution and the Fourteenth Amendment to the United States Constitution;

2. A declaratory judgment declaring that the actions of the Defendants in attempting to restrict use of residential dwellings during the months of November through April are *ultra vires*;

3. A declaratory judgment that the ZEO's procedure in issuing seasonal use determinations and the determinations issued by the ZEO to date are arbitrary and unenforceable because they:

    a. violate Connecticut General Statutes Section 8-2; and

    b. violate Article 1, Section 8, 10 and 20 of the Connecticut Constitution and the Fourteenth Amendment to the United States

19

Constitution;

4.  Temporary and permanent injunctions preventing the Defendants from enforcing the Challenged Regulations including, but not limited to, issuing preliminary and final notifications of seasonal use determinations and staying any pending proceedings before the Old Lyme Zoning Board of Appeals arising from a seasonal use determination.

5.  A permanent injunction requiring the Defendants to release any and all seasonal use determinations from the land records of the Town;

6.  A permanent injunction requiring the Defendants to remove any SUO designation from the records of the Assessor of the Town of Old Lyme;

7.  An order of notice as part of the declaratory judgment to assure that all interested parties receive notice consistent with Connecticut Practice Book § 17-55, and, that as part of the order of notice, the Defendants immediately provide names of persons whom it considers appropriate to receive notice;

8.  Compensatory damages in excess of Fifteen Thousand Dollars ($15,000.00);

9.  Exemplary and Punitive Damages as provided by law;

10. Attorneys' fees and costs as provided by law;

20

11.    Such other relief that the Court may deem just and proper.

David Zoppoli, of New Britain, Connecticut, is hereby recognized in the sum of Two

Hundred Fifty and 00/100 ($250.00) Dollars to prosecute, etc.

Hereof fail not, but of this writ with your doings thereon make due service and return

according to law.

Dated at New Britain, Connecticut, this 29th day of December 1999.

PLAINTIFFS, SOUTH LYME PROPERTY
OWNERS ASSOCIATION, INC., CHARLES
AND VICTORIA PARSONS AND JOAN BYER

BY:
Stephen J. Anderson
Kenneth R. Slater, Jr.
Eisenberg, Anderson, Michalik & Lynch, LLP
136 West Main Street
P.O. Box 2950
New Britain, CT 06050-2950
Telephone: (860) 229-4855

Please enter the appearance of
Eisenberg, Anderson, Michalik & Lynch, LLP
(#37765) for the Plaintiff.

Kenneth R. Slater, Jr.

21