APPROVED.

## OLD LYME ZONING COMMISSION
## MINUTES OF SPECIAL MEETING
## MONDAY, APRIL 10, 1995

The Old Lyme Zoning Commission held a special meeting on Monday, April 10, 1995, at the Lyme-Old Lyme High School. Members present: Eric Fries (Chairman), George James (Vice Chairman), Jane Marsh (Secretary), Thomas Risom, Walter Seifert and Sharon Colvin. Others present were Marilyn Ozols (Zoning Enforcement Officer), Attorney David Royston, Judith R. Brown (Clerk Pro Tem), and about 75 interested citizens.

1. Convene Meeting and Appoint Alternates.

Chairman Fries called the meeting to order at 6:10 PM and introduced all the members. He appointed Walter Seifert as the voting alternate.

2. Public Hearing - Proposed Amendments Re: Construction of Year Round Use Dwellings in R10 Zone and Conversion of Seasonal Dwellings to Year Round Use.

A Public Hearing was held and separate Minutes were prepared for that hearing.

3. Proposed Amendments Re: Construction of Year Round Use Dwellings in R10 Zone and Conversion of Seasonal Dwellings to Year Round Use.

Chairman Fries noted the Commission would now discuss any comments or concerns brought up during the public hearing. Discussion followed relative to the designation made by the Zoning Enforcement Officer. Attorney Royston felt that the Commission could adopt an administrative policy rather than putting that directly into the regulation. He felt this would be a better way to handle this because if in the future any changes needed to be made, the policy could be changed without changing the regulation. There also was discussion about sending a letter out prior to the actual designation being made which would trigger the appeal period. Ms. Ozols felt the letter should go out probably 60-90 days before the actual designation is made. The 30 day appeal period would then be triggered once the final designation is made. Anyone appealing the designation would then go before the Zoning Board of Appeals. It was decided the final designation should be sent to the homeowner by Certified Mail, Return Receipt Requested, to the owner of the property as of the date of the notice at the address the owner chose to use with the Town. Mr. James raised a concern that was brought to him about having the ZEO making these designations when she is not aware of the beach history. It was felt by some that perhaps a subcommittee should be formed to review these properties rather than having it be a single individual. Chairman Fries noted that was a point well taken but felt it would be better to have one person making the decision and then anyone disagreeing with the decision could go before the Zoning Board of Appeals. Attorney Royston reiterated that an administrative policy should be in effect when the new regulation becomes effective. The policy should cover: 1) prior written notification to the landowner of the intent to designate a certain property as a seasonal dwelling, 2) written notification should advise them specifically of the records that were reviewed to have that seasonal designation, and 3) that the letter should also indicate to them that they have opportunity to speak with the ZEO in order to provide additional information prior to that final designation. The administrative policy would be an internal document for the Zoning Commission.

Motion was made by Mr. Risom that the Old Lyme Zoning Commission adopt the amendments to the Zoning Regulations proposed and heard at a series of Public Hearings culminating on April 10, 1995 to Section 21.2.4 and 21.2.5 causing renumbering of 21.2.4 as 21.2.6 with the following minor modifications: references to the Connecticut Uniform Building

EXHIBIT C-1   5-17-95...at 3 h 11 m p

Old Lyme Zoning Commission
April 10, 1995 - Special Meeting Minutes
Page 2

Code to be corrected to the right reference after discussion with the Building Department of the Town; and in Paragraph 21.2.5(b) the second sentence shall read "...and notice of said designation shall be sent by certified mail, return receipt requested, to the owner of said property as appears on the Town Assessor's records, updated from the Land Records to the date of said mailing."; and additionally to amend Section 21.1.1, Schedule A-1 - Permitted Uses in Residence and Rural Districts - to reflect the change attached to the public hearing exhibit. This motion was seconded by Mr. James. VOTE: In Favor - Risom, James, Fries, Seifert. Opposed - none. Abstained - Marsh.

Motion was made by Mr. Risom that the amendments to the Zoning Regulations previously discussed be made effective June 5, 1995, seconded by Mr. James. VOTE: In Favor - Risom, James, Fries, Seifert. Opposed - none. Abstained - Marsh.

Chairman Fries thanked everyone for all their hard work relative to the above.

4. Special Exception, CAM Application, Lyme Academy of Fine Arts, 84 Lyme Street, Map 21, Lot 90, Proposed Addition, Receive Application.

Motion was made by Ms. Marsh to accept the Lyme Academy of Fine Arts application and set the Public Hearing for the next meeting which is May 8, 1995, seconded by Mr. Risom, and unanimously approved.

5. CAM Application, 45 Hatchett's Point Road, Map 5, Lot 6, Proposed Revetment Rehabilitation, Discussion.

Ms. Ozols noted a site inspection has been scheduled for Monday, April 24, 1995, at 5:30 PM. Everyone will meet at the site. Ms. Ozols also noted she spoke with the applicant's engineer who indicated the project is anticipated to be substantially complete within 4 years. It was further noted the DEP permit would be for 3 years with a one year renewal if requested 30 days prior to expiration. The engineer also indicated to Ms. Ozols that he didn't feel the applicant would object to the work taking place when the ground is frozen and probably would accept a stipulation that work only be done from November to May if the Commission so desired. Ms. Ozols noted she reviewed the regulations pertaining to Excavation and Deposit and also spoke with Attorney Mattern. It was determined this could be exempt under Section 43.2.7. Ms. Ozols noted the Commission may want to refine the regulations as they pertain to revetments. There was discussion relative to whether a report should be obtained from DEP ERT. Ms. Ozols will contact them to see if they can be of any help. There was discussion regarding the posting of a bond and that the purpose of the bond would be for the completion of an abandoned project.

6. CAM Application, 27 Caulkins Road, Map 48, Lot 53, Proposed Single Family House within 100 feet of Tidal Wetlands, Receive Application.

Ms. Ozols explained this application was to build a single family house on this property. There was discussion regarding the amount of fill being deposited within the 50' area. It was suggested this be referred to Attorney James Mattern and Linda Krause from CRERPA. Motion was made by Mr. Risom to accept the CAM Application for 27 Caulkins Road, seconded by Ms. Marsh, and unanimously approved.

Old Lyme Zoning Commission
April 10, 1995 - Special Meeting Minutes
Page 3

7. Zoning Enforcement Officer Report.

Ms. Ozols noted she spoke with Attorney Royston about handicapped access. It was Attorney Royston's recommendation to allow a handicapped access as a temporary ramp given on a 2 year permit which could be renewed as long as the person required the use of it. She will put this into a final form for everyone's review.

Relative to Special Exceptions, Ms. Ozols noted that modifications to existing Special Exceptions would now come to the Zoning Commission. The Library and The Congregational Church are two that are still under construction. Ms. Ozols noted the Library has a number of minor modifications. She explained they were given a permit for permeable pavers for the parking lot area and they now find they can't afford it. They have indicated they can stay within the 30% coverage if they pave a portion of the driveway and put gravel on the rest. They also noted that in the future if they can afford to pave it, they would do so. The map was reviewed. Chairman Fries felt this was a minor change and that Ms. Ozols should use her discretion on this matter. He didn't feel it should come back to Zoning for a modification to the Special Exception.

Ms. Ozols noted she received a letter from Colman Ives representing Hilropa and questioning why the Commission allowed discussion of the effective date of the Hallock amendments since the public hearing had already been closed. Ms. Ozols had referred this to Attorney Royston who sent a response which was read into the record. A copy of that letter will be sent to Colman Ives.

8. Approval of Minutes:     March 13, 1995 Regular Meeting and Public Hearing
                            March 27, 1995 Special Meeting

Motion was made by Ms. Marsh to approve the Minutes of March 13, 1995 and March 27, 1995 as written, seconded by Mr. Risom, and unanimously approved.

9. Correspondence/Adjourn.
   a) Memo 4/1/95, J. Rice Re:  Water Pollution Control Authority

Chairman Fries noted that Jim Rice has asked for Zoning Commission representation on the recently formed WPCA. Discussion followed. George James and Thomas Risom volunteered to represent the Zoning Commission.

Motion was made by Mr. Risom to adjourn, seconded by Mr. James, and unanimously approved. Meeting adjourned at 10:00 PM.

Respectfully submitted,

Judith R. Brown, Clerk Pro Tem