UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOUTH LYME PROPERTY OWNERS ASSOCIATION, INC., CHARLES PARSONS, VICTORIA PARSONS and JOAN BYER,<br><br>        *Plaintiffs,*<br><br>v.<br><br>TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION, ERIC FRIES, GEORGE JAMES, JANE MARSH, THOMAS RISOM, WALTER SEIFERT, SHARON COLVIN and MARILYN OZOLS,<br><br>        *Defendants.* | CIVIL ACTION NO.<br><br>3:00 CV 0097 (EBB)<br><br><br><br><br><br><br><br><br><br>FEBRUARY 20, 2007 |

### MOTION FOR SUMMARY JUDGMENT BY TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION AND MARILYN OZOLS

  Pursuant to Fed.R.Civ.P. 56 and D.Conn.L.R. 56, the defendants, TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION, and MARILYN OZOLS, submit that there is no genuine dispute about any material fact and they are entitled to summary judgment as to all claims presented by the plaintiffs' Amended Complaint dated May 29, 2001.

  In support of their motion, the defendants offer as follows:

  1.  The South Lyme Property Owner's Association, Inc. lacks standing;

  2.  Charles Parsons lacks a property interest in any real property in Old Lyme. Accordingly, he lacks standing to act as a plaintiff in this case;

**ORAL ARGUMENT IS REQUESTED**

3. The individual plaintiffs, Charles Parsons, Victoria Parsons and Joan Byer, failed to exhaust their administrative remedies.

4. The Challenged Regulations do not offend constitutional requirements of equal protection, procedural due process or substantive due process.

5. All federal claims against Marilyn Ozols are barred by the doctrine of qualified immunity;

6. No punitive damages may be assessed against a municipal entity or an individual municipal employee in their official capacity;

7. Having dismissed all of the federal claims, the Court should decline to exercise jurisdiction over the state law claims;

8. The plaintiffs' complaint fails to state a claim for state constitutional violations upon which relief may be granted;

9. The plaintiffs' claims based on Conn. Gen. Stat. §22a-16 and 22a-18 fail to state claims upon which relief may be granted;

10. The plaintiffs' claims based on Conn. Gen. Stat. §22a-16 and 22a-18 are barred by the doctrine of governmental immunity;

11. The Challenged Regulations are consistent with reasonable requirements of public health, safety and welfare; and

12. The plaintiffs' claims based on Conn. Gen. Stat. §22a-16 and 22a-18 and the relief sought thereunder is not a reasonable and prudent

alternative to the defendants' policies of seasonal use restriction and sewer avoidance.

Simultaneously with this motion, the defendants have field a memorandum of law in support as well as a statement of material facts not in dispute accompanied with admissible evidence showing there is no genuine dispute about any material fact.

WHEREFORE, the defendants, TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION, and MARILYN OZOLS, pray that their Motion for Summary Judgment dated February 20, 2007 is granted in all respects.

THE DEFENDANTS,
TOWN OF OLD LYME, TOWN OF
OLD LYME ZONING COMMISSION,
and MARILYN OZOLS

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (f)

## <u>CERTIFICATION</u>

  This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 20th day of February 2007.

| | |
|---|---|
| Kenneth R. Slater, Jr., Esquire | Eric D. Knapp, Esquire |
| HALLORAN & SAGE, LLP | BRANSE, WILLIS & KNAPP, LLC |
| One Goodwin Square | 148 Eastern Blvd., Suite 301 |
| 225 Asylum Street | Glastonbury, CT  06033-2038 |
| Hartford, CT  06103-4303 | |

              /s/ John J. Radshaw, III
              John J. Radshaw, III