COPY

1

```
 1           UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
 2

 3   SOUTH LYME PROPERTY OWNERS         CIVIL ACTION NO.
       ASSOCIATION, INC.,               300CV97 (EBB)
     CHARLES AND VICTORIA PARSONS
 4   AND JOAN BYER

 5       VS.                            JULY 25, 2006

 6   TOWN OF OLD LYME, TOWN OF OLD LYME
       ZONING COMMISSION, ERIC FRIES,
 7     GEORGE JAMES, JANE MARSH, THOMAS RISOM,
       WALTER SEIFERT, SHARON COLVIN,
 8   AND MARILYN OZOLS

 9              DEPOSITION OF: MARK GROSS

10   APPEARANCES:

11   Attorneys for the Plaintiffs:

12      HALLORAN & SAGE
           One Goodwin Square
13         225 Asylum Street
           Hartford, Connecticut 06103
14         (860) 522-6103
        BY: KENNETH R. SLATER, JR., ESQUIRE
15
     Attorneys for Town of Old Lyme, Town of Old Lyme
16     Zoning Commission, Eric Fries, George James,
       Jane Marsh, Thomas Risom, Walter Seifert,
17     Sharon Colvin, and Marilyn Ozols:

18      HOWD & LUDORF
           65 Wethersfield Avenue
19         Hartford, Connecticut 06114-1190
           (860) 249-1361
20      BY: JOHN J. RADSHAW, III, ESQUIRE
            MARK E. VILLENEUVE, ESQUIRE
21

22              Wendy J. Leard
           Registered Merit Reporter
23              CSR # 00039

24   NIZIANKIEWICZ & MILLER REPORTING SERVICES
                972 Tolland Street
25      East Hartford, Connecticut 06108-1533
                (860) 291-9191
```

EXHIBIT G-1

                                                                2

1              . . . Deposition of MARK GROSS, taken on
2    behalf of the defendant in the hereinbefore
3    entitled action, pursuant to the Federal Rules of
4    Civil Procedure, before Wendy J. Leard, RMR, duly
5    qualified Notary Public in and for the State of
6    Connecticut, held at the law offices of HOWD &
7    LUDORF, 65 Wethersfield Avenue, Hartford,
8    Connecticut, commencing at 1:26 p.m., on Tuesday,
9    July 25, 2006.
10
11                    S T I P U L A T I O N S
12
13        It is hereby stipulated and agreed by and
14   among counsel for the respective parties that all
15   formalities in connection with the taking of this
16   deposition, including time, place, sufficiency of
17   notice and the authority of the officer before
18   whom it is being taken may be and are hereby
19   waived.
20
21        It is further stipulated and agreed that
22   objections, other than as to form, are reserved to
23   the time of trial and that the reading and signing
24   of the deposition is not waived.
25

1      It is further stipulated and agreed
2  that the proof of the qualifications of the
3  notary public before whom the deposition is being
4  taken is hereby waived.
5
6          (Defendants' Exhibits 1 and 2, marked
7            for identification-described in index)
8
9      MARK GROSS, Deponent, having first been
10 duly sworn, deposes and states as follows:
11
12            DIRECT EXAMINATION
13 BY MR. RADSHAW:
14   Q    Good afternoon, Dr. Gross.
15        My name is John Radshaw, and I represent
16 the defendants in this case.  I'm here to take
17 your deposition.
18        I'm going to show you a document that's
19 been marked as Defendants' Exhibit 1.  It's a
20 notice of deposition dated July 7, 2006, for your
21 deposition here today.
22        Other than the fact that you don't have an
23 O on the end of your name, have you seen that
24 document before today?
25   A    No.

Case 3:00-cv-00097-EBB    Document 108-18    Filed 02/20/2007    Page 4 of 9

86

1  have done is my dissertation research is probably
2  the strongest piece of work that I've done in that
3  area.
4      I actually measured, indirectly, the
5  density, in a sense, of biomat and where
6  particular viruses were removed.
7      Also, in many of the research projects
8  that are published in my resume, I have measured,
9  over time, the changes in the wastewater
10  characteristics in the effluent, and from those
11  changes, you can determine the maturity of
12  particular microorganisms.
13  Q    Okay.  Now, when you -- your ultimate
14  conclusion in the report is -- withdraw that.
15      When you completed the report with Mary
16  Clark, you didn't take into consideration the cost
17  of a traditional structural system, whether it's a
18  structural system that would include piping the
19  household waste to a waste treatment facility,
20  correct?
21  A    I didn't do any particular cost benefit
22  analysis, but I believe in the CEE report there's
23  a description of costs.
24  Q    Right.  But that was not a factor that was
25  considered in your report.

1          Also, you didn't factor in the -- I want
2    to say nonfinancial costs to the residents and
3    visitors in the soil in the nature of the
4    construction itself, tearing up the streets and
5    putting in the piping, the moving of heavy
6    machinery and construction equipment, the impact
7    to the natural resources for the use of land for
8    both the pipes themselves, pumping stations as
9    necessary, and then the ultimate treatment
10   facility.
11          I mean, you didn't consider any of those
12   factors, did you?
13              MR. SLATER:  Objection as to form.
14              THE WITNESS:  No.
15   BY MR. RADSHAW:
16       Q    And you didn't consider the environmental
17   impacts of the construction itself, such as the
18   pollution from vehicles, the construction debris.
19          I mean, that didn't play a role in any of
20   your conclusions, did it?
21              MR. SLATER:  Objection as to form.
22              THE WITNESS:  That was not part of
23         our charge, no.
24              MR. RADSHAW:  Right.
25

1  BY MR. RADSHAW:
2      Q   And you didn't take into consideration the
3  cost -- I'll withdraw that.
4          You didn't take into consideration the
5  environmental impact of what would have to be done
6  if a structural waste treatment facility was
7  implemented in the nature of traditional pipes and
8  waste treatment facilities to all of the existing
9  on-site septic systems, that they'd either have to
10 be rendered inoperable or removed and carted to a
11 landfill.
12         Your report didn't address any of those
13 concerns, did it?
14     A   Those were outside of the scope of our
15 services.
16     Q   Okay.  And your report didn't consider
17 whether continued occupation of the beach
18 communities at its present density was
19 appropriate, did it?
20             MR. SLATER:  Objection as to form.
21             THE WITNESS:  In a sense, we did.
22 BY MR. RADSHAW:
23     Q   How did it take that into consideration?
24     A   In terms of the biomat, we did, in fact,
25 consider whether you continued to feed those

99

```
1                        I N D E X

2      ----------------------------------------------------

3      WITNESS                          MARK GROSS

4      ----------------------------------------------------

5          DIRECT      CROSS       REDIRECT      RECROSS

6            3*

7       *   By Mr. Radshaw

8      ----------------------------------------------------

9      EXHIBIT              DESCRIPTION                PAGE

10     ----------------------------------------------------

11     Defendants' Exhibit 1, a notice of deposition    3

12     Defendants' Exhibit 2, Mr. Gross's CV
13        and resume                                    3

14     Defendants' Exhibit 3, a manila folder
          labeled Old Lyme                              12

15     Defendants' Exhibit 3A, an Overview of
16        Old Lyme Documents, first draft               16

17     Defendants' Exhibit 3B, an Overview of
          Old Lyme Documents, second draft              16

18     Defendants' Exhibit 3C, an Overview of
19        Old Lyme Documents, later draft               16

20     Defendants' Exhibit 3D, Observations From
          the Documents                                 18

21     Defendants' Exhibit 3E, Deposition Preparation   18

22     Defendants' Exhibit 3F, Draft for Client Review  19

23     Defendants' Exhibit 3G, final version of
24        the report                                    39

25                      *  *  *  *  *  *  *
```

100

# CERTIFICATE OF DEPONENT

I, MARK GROSS, have read the foregoing transcript of the testimony given and it is true and accurate to the best of my knowledge as originally transcribed and/or noted on the attached Errata Sheet.

_____
MARK GROSS

Subscribed to and sworn to before me on this ____ day of _____, 2006.

_____
Notary Public

My Commission expires:

_____

300CV97 (EBB)

SOUTH LYME PROPERTY OWNERS ASSOCIATION, INC.
-vs-
TOWN OF OLD LYME
MARK GROSS - JULY 25, 2006
WJL

1  STATE OF CONNECTICUT

2  COUNTY OF TOLLAND

3      I, Wendy J. Leard, a Notary Public for the

4  State of Connecticut, do hereby certify that

5  the deposition of MARK GROSS, a witness, was

6  taken before me pursuant to the Federal Rules

7  of Civil Procedure, at the law offices of

8  HOWD & LUDORF, 65 Wethersfield Avenue, Hartford,

9  Connecticut, commencing at 1:26 p.m., on Tuesday,

10 July 25, 2006.

11     I further certify that the deponent was first

12 sworn by me to tell the truth, the whole truth,

13 and nothing but the truth, and was examined by

14 counsel, and his testimony stenographically

15 reported by me and subsequently transcribed as

16 hereinbefore appears.

17     I further certify that I am not related to

18 the parties hereto or their counsel, and that I am

19 not in any way interested in the event of said

20 cause.

21     Dated at Somers, Connecticut, this 30th day

22 of July, 2006.

23

24                                   _____
                                     Wendy J. Leard
                                     Notary Public

25 My Commission Expires May 31, 2007