UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOUTH LYME PROPERTY OWNERS ASSOCIATION, INC., CHARLES AND VICTORIA PARSONS AND JOAN BYER, | CIVIL ACTION NO. 3:00CV97 (EBB) |
| Plaintiffs | |
| VS. | |
| TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION, ERIC FRIES, GEORGE JAMES, JANE MARSH, THOMAS RISOM, WALTER SEIFERT, SHARON COLVIN AND MARILYN OZOLS, | |
| Defendants | MAY 1, 2007 |

## MEMORANDUM IN OPPOSITION TO CERTAIN DEFENDANTS' FEBRUARY 9, 2007 MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 7, the Plaintiffs, South Lyme Property Owners Association, Inc., Charles Parsons, Victoria Parsons and Joan Byer, hereby respectfully submit this Memorandum in Opposition to Defendants', Eric Fries, George James, Jane Marsh, Thomas Risom, Walter Seifert, and Sharon Colvin, February 9, 2007 Motion for Summary Judgment. In further support of their Opposition, the Plaintiffs also respectfully submit the accompanying Local Rule 56(a)(2) Responses to Defendants' Local Rule 56(a)(1) Statement. For the reasons set forth herein, the Court should deny the Defendants' Motion for Summary Judgment.

The Plaintiffs own property located in the residential beach communities in Old Lyme. Old Lyme's zoning regulations have always recognized that the properties may be

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

lawfully used for residential purposes. It is undisputed that some properties in the beach communities are used year-round, but most are used seasonally as rental properties for summer vacation homes. Historically, the Town has battled with property owners in the beach communities to limit year round use.

Despite the fact that road maintenance and municipal infrastructures such as roads are necessary to serve the beach communities on year-round basis to serve existing year-round residents of the beach communities, the Town of Old Lyme has long sought to avoid establishment of year-round residency in the beach communities. The effort began in earnest in the 1980s, prior to the adoption of any regulation or municipal committees related to the abatement of pollution to Long Island Sound or the adequacy of septic systems. After Connecticut courts ruled in several cases that owners of these residential properties could not be barred under the existing zoning regulations from year-round use based simply on lot size, in 1995 the Town enacted and subsequently enforced zoning regulations which illegally seek to limit the Plaintiffs use of their properties to five months a year or, at least, effect a regulatory taking of substantial property rights.

The record indicates a genuine issue of material fact exists as to whether the regulations are rationally related to a legitimate government purpose and whether, in fact, they were adopted for improper purposes. The regulations arbitrarily and unreasonably burden a class of property owners in a manner that is not related to any legitimate police power and violates the equal protection clause. As more fully set forth below, the motion for summary judgment should be denied because the claims against the Commission members are not barred by statute of limitations and the Commission members are not immune. Finally, Plaintiffs are entitled to declaratory and injunctive relief against the Town because the Challenged Regulations bear no

substantial relationship to the Town's police powers and the procedures to enforce the Challenged Regulations violated the Plaintiffs substantive and procedural due process rights under the Connecticut Constitution. The factual issues cannot be resolved on summary judgment therefore the Defendants' motion should be denied.

## COUNTERSTATEMENT OF FACTS AND PROCEDURAL OVERVIEW

The Plaintiffs, an association of several hundred Old Lyme property owners and three individually named property owners, commenced this action in response to efforts of the Town of Old Lyme (" Town"), the Town of Old Lyme Zoning Commission (the "Commission"), and certain Town officials to prohibit the use of hundreds of residential properties in a particular zoning district during several months of the year. The complaint, filed in the Connecticut Superior Court and later removed by the Defendants to the United States District Court, seeks declaratory and injunctive relief because certain Town zoning regulations (the "Challenged Regulations") and actions by Town officials violate both state and federal law. *See* Plaintiffs' First Amended Complaint (May 29, 2001) ("Am. Compl."), Claim for Relief, pp. 17-18. Specifically, the Plaintiffs allege that the Challenged Regulations and associated limitations of the use of their property violate the United States and the Connecticut Constitutions, including violations of equal protection rights, procedural due process rights, substantive due process rights, and amount to a taking without just compensation. *Id.* at pp. 1-14. The Plaintiffs also allege that the Challenged Regulations are not valid under Connecticut land use law. Although the principle relief sought is declaratory and injunctive in nature, the Plaintiffs seek damages pursuant to 42 U.S.C. § 1983 for the violation of the Plaintiffs' civil constitutional rights. *Id.* at Count II, pp. 13-14, Claim for Relief, pp. 17-18. Finally, the Plaintiffs allege a violation of the Connecticut Environmental Protection Act, Conn. Gen. Stat. §§ 22a-14 *et seq.*,

claiming that the Town's failure to implement a system to collect and treat wastewater in the densely populated areas of the beach communities along Long Island Sound has caused unreasonable pollution to the environment that should be remedied by an order to implement such a system. *Id.* at Count III, pp. 14-16.

The only governmental purpose for the Challenged Regulations asserted by the Defendants, which was made during the hearing on the Plaintiffs' motion for the temporary injunction granted by this court, is environmental protection. The Plaintiffs intend to present evidence at trial to demonstrate:

1) The Commission, in fact, did not receive or consider any evidence regarding environmental protection prior to its adoption of the Challenged Regulations;

2) The Town has engaged in a decades long effort to bar year round use of properties in the beach communities unrelated to concerns of environmental protection;

3) The Town actually vehemently denies that there is an environmental pollution problem in the communities as long as a proper septic pumpout program is implemented;

4) Despite denying that a pollution problem exists when occupancy of the beach communities is at or near full capacity during summer months, the Town attempts to shield its real motives by suggesting that restricting use of those same residences during the winter months of the year is somehow rationally related to environmental protection;

5) Expert testimony that no environmental study or report commissioned or received by the Town or its officials before or after the Challenged Regulations were adopted finds any correlation between barring use of residences during winter months and environmental protection;

6) Studies available at and since the time of the adoption of the Challenged Regulations demonstrate that restricting use of septic systems for a prolonged period during winter months will likely reduce the effectiveness of septic systems; and

7) Evidence that the Town and its officials were motivated to restrict year round use in order to prevent the purchase or rental of the relatively small homes in the effected zoned by low-income persons or families which would require governmental services such as education and infrastructure maintenance and would adversely impact the "character" of the Town.

I.  **LAW AND ARGUMENT**

   A.  **Standard of Review**

   Summary judgment is properly granted if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). While the moving party is not required to negate the cause of action or defense set forth, the moving party must demonstrate the absence of an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When identifying which facts are material to establishing the essential element being challenged, the Court should consider if the fact would legitimately affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists the Court must decide whether there is sufficient evidence to sustain a verdict for the non-moving party. *Id.* at 249. In this regard, the Court must review the evidence in the light most favorable to the non-moving party, resolving all ambiguities and drawing all inferences against the moving party, assessing its sufficiency according to the evidentiary burdens imposed by the controlling substantive law. *Id.* at 255.

   B.  **The Plaintiffs' Federal Constitutional Claims are Not Barred by the Statute of Limitations Because They a Allege a Continuing Violation.**

The Plaintiffs agree that Conn. Gen. Stat. § 52-557, Connecticut's three-year statute of limitations for torts, applies to claims brought under 42 U.S.C. § 1983 and the Fourteenth Amendment. *See Orticelli v. Powers*, 197 Conn. 9, 16 (1985) (noting that the local statute of limitation is used where Congress has not established a time limitation for a federal cause of action). However, federal law, not state law determines when a claim accrues. *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). The statute begins to run when a plaintiff knows or has reason to know of the facts upon which his claims are based. *Id.*

The Plaintiffs dispute that the federal claims accrued on April 10 or June 5, 1995, the date that the Challenged Regulations were adopted and effective, respectively. This is incorrect because Second Circuit recognizes a continuing course of conduct exception to the application of the state statute of applications. Therefore, the Plaintiffs were allowed to commence this action on December 29, 1999 because the harm inflicted by the Challenged Regulations is continuing. There is not a single harm which was measurable and compensable at the time when the Challenged Regulations were passed.

"The continuing-violation exception extends the limitations period for all claims of [unlawful acts] committed under [an ongoing illegal policy or practice] even if those acts, standing alone, would have been barred by the statute of limitations." *Annis v. Westchester*, 136 F.3d 239, 246 (2d Cir.1998) (internal quotation marks and citation omitted). Because the violation is continuing, a plaintiff may bring a suit challenging all the conduct which makes up the violation, even the conduct which occurred outside the limitations period. *Cornwell*, 23 F.3d at 704.

In this case, the alleged conduct violating the Plaintiffs federal Constitutional rights included the on-going enforcement of the Challenged Regulations which prohibited the Plaintiffs

use of their property. For example, after the Challenged Regulations were enacted, the Town would conduct a seasonal determination under the unconstitutional regulations when i) a property owner requested a determination, ii) in some circumstances when a building permit was requested and iii) the Town would make systematic determinations on a street-by-street basis. *See* Pl's 56(a)(2) Statement II.9. The Plaintiffs claims fall within the continuing course of conduct exception, therefore Conn. Gen. Stat. § 52-577 should not bar their claims and the Motion for Summary Judgment should be denied.

### C. Fries, James, Marsh, Risom, Seifert, and Colvin are Not Immune Under Legislative Immunity for Their Actions Enforcing the Challenged Regulations.

Defendants correctly recite the law on legislative immunity. If the Commission members acted in a legislative capacity, then they are not personally liable for damages on claims brought under Section 1983. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). But, the individual members are liable for their roles in enforcing the Challenged Regulations.

Immunity for Commission members extends to legislative acts such as introducing, voting for, and signing local regulations. *Id.* But, legislative immunity does not protect the Commission from suit based on their actions taken to enforce or implement regulations. *See Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980) (holding that the members of the Virginia Supreme Court were not immune for their actions related to enforcing the disciplinary rules which they enacted); *Mainstream Loudoun v. Board of Trustees of Loudoun County Library*, 2 F. Supp. 2d 783, 789 (E.D. Va. 1998)(holding that library board members were liable for their actions enforcing a policy on Internet access and could be sued for declaratory and injunctive relief).

In this case, the Zoning Commission was involved in the enforcement of the Challenged Regulations. The Commission developed and established policies to implement the Challenged Regulations which were not enacted under a formal legislative process. *See* Pl's 56(a)(2) Statement II.10. The Zoning Commission instructed, Marilyn Ozols, the Zoning Enforcement Officer, to only accept documentary evidence to demonstrate whether a property was used year-round. *See* Id. at II.12. These activities relate to the enforcement and implementation of the Challenged Regulations; therefore under *Consumers Union,* legislative immunity does not apply.

Additionally, legislative immunity only applies to liability under Section 1983 claims. *Bogan*, 523 U.S. at 49. Courts have expressly stated that legislative immunity does not apply to state law claims and to claims seeking injunctive relief. *Wiltzius v. New Milford*, 453 F.Supp.2d 421, 437 (D. Conn. 2006). Plaintiffs' state statutory claims under statute zoning law and Conn. Gen. Stat. §§ 22a-16—22a-18 are not barred by legislative immunity.

### D.  Summary Judgment Should Not Be Granted as to the Individual Defendants on the Grounds of Qualified Immunity.

The Plaintiffs intend to prove at trial that members of the commission were not motivated by legitimate public health and safety concerns, but where instead, steadfastly resisting the use of properties, which they believe were perfectly suitable for full-time occupancy during summer months, in the winter resulting in residency by persons in a lower socioeconomic status. Pl's 56(a)(2) Statement II.2-5.

Defendants' cite a line of cases related to whether police officers, prison guards, and judicial officials should have known that their actions with respect to conduct towards prisoners, litigations and suspected criminal defendants were unlawful. Defendants cite these cases to suggest that, as a matter of law, the individual Defendants in this case had insufficient knowledge of the unconstitutionality of their actions to be liable for their actions. *Soucier v.*

*Katz*, 533 U.S. 194 (2001). (claim of excessive force by political demonstrator arrested by military police officer); *Hope*, 536 U.S. at 730 (claim involving correctional officers handcuffing a prisoner to a hitching post for punishment for noncompliance with directives); *United States v. Lenier*, 520 U.S. 259 (1997) (alleging rape physical assault by a chancery court judge upon litigants in divorce proceedings).

The court in those cases grappled with the legal standard to be applied to determine whether the defendant was on proper notice of the unlawful conduct such that he or she was being charged with violation of civil rights under § 1983. These cases have not been applied in the context of charges that public officials adopted land use regulations and policies based on improper motives.

Although it is questionable whether these cases are relevant to the case at hand, the *Hope* decision makes clear that the determination is a factual one in that "general statements of the law are not inherently incapable of giving fair and clear warning, and in other instances a general constitutional rule already identified in the decisional law may apply with obvious clarity with the specific conduct in question, even though the very action in question has [not] previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002).

A disputed question of fact exists as to whether members of the commission knew or should have known that the adoption of a policy prohibiting a property owner from testifying to the existence of a constitutionally protected property rights is unlawful. A disputed question of fact also exists as to whether members knew or should have known that the adoption of regulations and policies to further a long-standing effort to bar a class of property owners from established residences in the community for reasons unrelated to public health or safety is

unlawful. Pl's 56(a)(2) Statement II.2. If that improper motive is established, it follows that the members knew or should have known that their actions were unconstitutional.

The Defendants fail to bear the burden of demonstrating that no material disputed fact exists regarding those issues. For example, it cites portions of the master plan adopted by the Commission in its capacity as a planning commission related future development goals for the Town. (Defendants' Exhibit I, pages 1-4, 5-6, 9, 11-12); Conn. Gen. Stat. § 8-26. As set forth in that document, it is prepared as a general guide for future development in the community provides no specific evidence justifying the Challenged Regulations. The Defendants present no evidence regarding the Commissioners motivation in adopting these policies to further a longstanding effort to bar year round use of properties in the beach communities for reasons unrelated to environmental protection.

The only evidence referenced in Defendants' Rule 56 Statement is:

(1) facts that members owning property less than 10,000 sq. ft. in size and not used on a year round basis prior to 1992, and therefore disqualified for year round use under the plain language of the Challenged Regulations, did not undertake the futile attempt to challenge the factual determination by the ZEO that the property failed to qualify under the Challenged Regulations. Defendants' Statement ¶¶ 2-16;

(2) assertions that the master plan, adopted as a planning guide under the planning rather than the zoning sections of the general statutes, contains general references to matters within the police powers of the Commission including development of raw land on lots sufficiently sized to avoid the need for a sewer (sewer avoidance), which plan is wholly unrelated to the use of existing residential homes impacted by the Challenged Regulations and whether the Challenged Regulations are valid. Defendants' Statement ¶¶ 17-19;

(3) statements by counsel regarding speculation as to the cost and possible ancillary impact to remove septic systems when no fact demonstrates the cost of systems, the amount of the cost that will be borne directly by persons benefited by the system under state law assessment procedures; and whether the septic systems would be physical removed if wastewater treatment is provided to properties have non-code compliant systems, and if so, whether that would result in environmental impacts. Defendants' Statement ¶ 20;

(4) general statements regarding pollution to Long Island sound without any evidence establishing a rational bases to prohibit the use of properties served by fully-code compliant septic systems from year-round use or evidence tying a rational relationship between barring use of properties during winter months and environmental protection. Defendants' Statement ¶¶ 21-22;

(5) general statements, which are largely conjecture and opinion, regarding the time and resources associated with a seasonal use determining process and address in any way the constitutionality of a policy prohibiting persons having a constitutionally protected property right in a nonconforming use from presenting witnesses and testimony at hearings to demonstrate the existence of that right. Defendants' Statement ¶¶ 23-40;

(6) a general reference to the existence of a public hearing and deliberative process in adopting the regulations which is, in fact devoid of any evidence or any discussion regarding the relationship between barring the use of existing residential property owners having fully code-compliant septic systems from use of the property during winter months or any rational connection between barring off-season use and any legitimate public health and safety purpose embodied in the zoning enabling act. Defendants' Statement ¶ 41.

By failing to present any evidence addressed to the specific issues raised in this case, the Defendants fail to sustain their burden for summary judgment.

The language of the Challenged Regulations demonstrates the pretext upon which the regulations were adopted. If the regulations were adopted for environmental protection, there is no rational reason to prohibit lots having septic systems fully compliant with the Public Health Code from being used as residences or allowing properties elsewhere in town to be used year round with inferior or failing systems. Given the historic bias against the beach communities for reasons unrelated to legitimate matters of public health and safety, the adoption of regulations barring use in the winter months of a segment of residential properties occupied at nearly 100% capacity during summer months when the environmental resources of the sound are at peak use enables the inference of improper motive.

The question of fact regarding whether improper motives underlying the Challenged Regulations is also demonstrated by the fact that members of the commission steadfastly suggest

that there is no pollution problem in Old Lyme as long as septic systems are promptly pumped out in accordance with the Town's septic pumpout program. If, in fact, that were the case, there would be no justification for bar persons who are adhering to that program from using properties during five months of the year.

Improper motives of the Commission can be inferred from the steadfast opposition to establishment of sewers in Old Lyme. Pl's 56(a)(2) Statement II.11. The plaintiffs will present expert testimony that not a single document, report or bit of data submitted to the Town of Old Lyme, before or even after the adoption of the Challenged Regulations show that the septic systems in the communities do adequately treat wastewater and show that secondary treatment by way of a sewer system or community system is necessary to treat the waste. *Id.* at II.1, 6. In the face of that obvious fact, recognized by nearly every community located adjacent to Long Island Sound, public officials seek to block those efforts as part of its efforts to avoid year-round residency by owners in the beach community.

The Defendants cannot credibly say that they didn't or should not have known that the adoption of regulations impairing private property rights based on the motivation of prohibiting or minimizing the number of persons in the beach community from becoming year round residents of the Town of Old Lyme is unconstitutional. The motivation for the Challenged Regulations is a question of fact that should not be determined by summary judgment.

Further, the Defendants do not address the constitutionality of their actions on procedural due process grounds. The Defendants established the policy that deprived property owners a constitutionally protected property right without due process of law as determined by this Court. The Defendants do not argue that qualified immunity applies to their actions with respect to the faulty policy employed by the Town.

An objectively reasonable person would have known the impropriety of a policy that:

(1) A determination of whether property was actually used prior to 1992 would be determined exclusively upon a review of public records that, except in rare cases, could not answer whether a property was, in fact, used during winter months prior to 1992;

(2) If the determination was challenged, testimonial evidence from witnesses who could establish the facts necessary to demonstrate an existing constitutionally protected property right was specifically prohibited; and

(3) If the determination was challenged, the only authorized proof of actual year round use was through documents from several years before the adoption of the Challenged Regulations, such as heating bills, that may not have been saved by homeowners.

Summary judgment should be denied and the case should proceed to trial.

### E. Commission Members are Liable for Monetary Damages in Their Personal Capacity

Defendants argue that claims against the Commission members are improper because they are duplicative of the claims against the Old Lyme Zoning Commission. Def. Memo. at p.15. Claims against Commission members in their official capacity are the same as the claims against the Commission itself. As articulated in Plaintiffs Objection to Defendants February 20, 2003 Motion for Summary Judgment dated even herewith, claims against the Zoning Commission should not be resolved on summary judgment. Furthermore, a Commission member sued in his or her personal capacity is not considered to be in privity with the government. *Johnson v. County of Nassau*, 2007 WL 805779, No. 04-CV-2883 at *19 (E.D.N.Y. Mar. 15, 2007) (Exh. A).

Section 1983 of Title 42 of the United States Code provides a civil remedy for those claimants who are aggrieved by a person who, acting under the color of state law, deprives the Plaintiffs of rights secured by the Constitution or laws of the United States. As explained above, the Commission members are not absolutely immune from liability under § 1983 in their

personal capacity. Therefore claims against the individual members of the Commission should not be dismissed on summary judgment.

### F. The Court Should Exercise Supplemental Jurisdiction Over the State Law Claims

For the reasons set forth herein, the motion for summary judgment on the Plaintiffs' federal claims should be denied. As a result, the court has supplemental jurisdiction of the State law claims.

### G. Plaintiffs are Entitled to Declaratory Relief Under the State Constitution

Defendants' misconstrue the law and the Plaintiffs complaint and argue that there are no claims against the individual Defendants under the Connecticut Constitution. Def. Memo. at p. 17. Admittedly, Connecticut courts have only recognized private causes of action for money damages under the Connecticut Constitution in limited situations. No Connecticut court has determined whether a private cause of action lies under the circumstances of this case. Regardless of the existence of a claim for compensatory damages under state law, the Plaintiffs are still entitled to declaratory and injunctive relief against the Town because the Challenged Regulations bear no substantial relationship to the Town's police powers and the procedures to enforce the Challenged Regulations violated the Plaintiffs substantive and procedural due process rights under the Connecticut Constitution. Declaratory and injunctive relief are appropriate remedies for violations of the Connecticut Constitution. *See Fair Cadillac-Oldsmobile Isuzu v. Bailey*, 229 Conn. 312, 325 (1994)(holding that statute prohibiting car sales business from selling on Sunday violated due process under the Connecticut Constitution therefore declaratory judgment was appropriate); *Campbell v. Board of Educ. of Town of New Milford*, 193 Conn. 93, 94 (1984) (the plaintiff class sought injunctive relief for violations of the Connecticut Constitution and the court did not hold that injunctive relief was inappropriate for

- 14 -

state constitutional violations but did hold that the local school board policy imposing academic sanctions for nonattendance upon high school students did not violate substantive due process, procedural due process, or equal protection); *Caldor's Inc. v. Bedding Barn, Inc.*, 177 Conn. 304, 325 (1979)(holding upon rational basis review that the Sunday closing law violated the state and federal constitution); *Bombero v. Planning and Zoning Comm'n of Trumbull*, 40 Conn. App. 75, 87 (1996)(holding that plaintiff had standing to bring declaratory action for violating article first, § 8 of the Connecticut Constitution);

### H. The Plaintiffs' are Seeking Declaratory Relief for Violations of the Connecticut Constitution.

Plaintiffs are seeking declaratory relief based on violations of Article First, §§ 8, 10 and 20 of the Connecticut Constitution and not money damages. These violations do not implicate the Commission members in their personal capacity; therefore, the doctrine of immunity is not applicable for these violations. The Commission members are liable for monetary damages for violations of the Federal Constitution under Section 1983.

### I. Governmental Immunity Does Not Bar All State Law Claims

The Plaintiffs are not seeking monetary damages against the individual Plaintiffs based on state law claims. For the reasons set forth in the Plaintiffs' memorandum of law in opposition to the February 20th motion for summary judgment, governmental immunity does no apply to the injunctive and declaratory relief.

II. **CONCLUSION**

For all the foregoing reasons, the individual Defendants', Eric Fries, George James, Jane Marsh, Thomas Risom, Walter Seifert, and Sharon Colvin, February 9, 2007 Motion for Summary Judgment should be denied.

        THE PLAINTIFFS,
        SOUTH LYME PROPERTY OWNERS
        ASSOCIATION, INC., CHARLES AND
        VICTORIA PARSONS AND JOAN BYER

By_____
        Kenneth R. Slater, Jr.
        Thomas C. Blatchley
        Lee Sharp
        HALLORAN & SAGE LLP
        Fed. Bar #ct 09451
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        (860) 522-6103

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of May 2007, I hereby mailed a copy of the foregoing to:

John J. Radshaw, III, Esq.
Thomas R. Gerarde, Esq.
David S. Monastersky, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Eric Knapp, Esq.
Mark K. Branse, Esq.
Branse & Willis LLC
41-C New London Turnpike
Glastonbury, CT 06033

_____
Kenneth R. Slater, Jr.

9690821v1

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of May 2007, I hereby mailed a copy of the foregoing to:

John J. Radshaw, III, Esq.
Thomas R. Gerarde, Esq.
David S. Monastersky, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Eric Knapp, Esq.
Mark K. Branse, Esq.
Branse & Willis LLC
41-C New London Turnpike
Glastonbury, CT 06033

_____
Kenneth R. Slater, Jr.

9690821v1