Exhibit A
(pgs 1-10)

Westlaw.

--- F.Supp.2d ----

Page 1

--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

**H**
Johnson v. County of Nassau
E.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Clifford JOHNSON, Plaintiff,
v.
COUNTY OF NASSAU, Nassau County Health Care Corporation, Nassau University Medical Center, Sharon Popper in her official and individual capacity, Richard Turan, in his official and individual capacity, Michael H. Mostow, in his official and individual capacity, and Karl Kampe, in his official and individual capacity, Defendants.
No. 04-CV-2883 (DRH)(MLO).

March 15, 2007.

**Background:** African-American male county employee, the former Director of county health care corporation's Office of Diversity, brought action against county, the corporation, and corporation's President and Chief Executive Officer (CEO), Vice President for Human Resources, Vice President of Legal Affairs and General Counsel, and Dean of Academic Affairs, in their official and individual capacities, alleging race discrimination and retaliation under Titles VI and VII and state law, unlawful discrimination under § 1981, and violations of First Amendment under § 1983. Defendants moved to dismiss. The District Court, 411 F.Supp.2d 171, granted motion in part and denied it in part. Defendants moved for summary judgment as to remaining claims.

**Holdings:** The District Court, Denis R. Hurley, J., held that:

(1) employee failed to establish prima facie case of discrimination under Title VII, absent showing that transfers of Office occurred under circumstances giving rise to inference of discriminatory intent;

(2) employee established prima facie case of retaliation;

(3) proffered reasons were legitimate and nonretaliatory;

(4) fact issue existed as to whether proffered reasons were pretext for retaliation;

(5) § 1981 and § 1983 retaliation claims were not barred by res judicata and/or collateral estoppel; and

(6) county health care corporation was immune from punitive damages, as were individual defendants in their official, but not their individual, capacities.

Motion granted in part and denied in part.

**[1] Federal Civil Procedure 170A ⚖2544**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence
              170Ak2544 k. Burden of Proof.
Most Cited Cases
To defeat summary judgment motion properly supported by affidavits, depositions, or other documentation, nonmovant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⚖2544**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                      Page 2
--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

        170Ak2544 k. Burden of Proof. Most Cited Cases

**Federal Civil Procedure 170A ⇐2546**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence
              170Ak2546 k. Weight and Sufficiency. Most Cited Cases
To defeat summary judgment, nonmovant must present more than a scintilla of evidence, or some metaphysical doubt as to the material facts, and cannot rely on the allegations in his or her pleadings, conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ⇐2544**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence
              170Ak2544 k. Burden of Proof. Most Cited Cases
District court considering summary judgment motion must be mindful of underlying standards and burdens of proof; evidentiary burdens that respective parties will bear at trial guide district courts in their determination of summary judgment motions. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[4] Federal Civil Procedure 170A ⇐2544**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence
              170Ak2544 k. Burden of Proof. Most Cited Cases
Where nonmoving party will bear ultimate burden of proof on issue at trial, the moving party's burden under summary judgment rule will be satisfied if he can point to absence of evidence to support essential element of nonmovant's claim. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[5] Federal Civil Procedure 170A ⇐2544**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
           170Ak2542 Evidence
              170Ak2544 k. Burden of Proof. Most Cited Cases
Where movant for summary judgment without underlying burden of proof offers evidence that nonmovant has failed to establish her claim, burden shifts to nonmovant to offer persuasive evidence that her claim is not implausible. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[6] Federal Civil Procedure 170A ⇐2497.1**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)2 Particular Cases
           170Ak2497 Employees and Employment Discrimination, Actions Involving
              170Ak2497.1 k. In General. Most Cited Cases
Summary judgment is generally inappropriate where questions of defendant's state of mind are at issue and should thus be granted with caution in employment discrimination cases; nonetheless, summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[7] Civil Rights 78 ⇐1536**

78 Civil Rights
   78IV Remedies Under Federal Employment Discrimination Statutes
      78k1534 Presumptions, Inferences, and Burden of Proof
         78k1536 k. Effect of Prima Facie Case; Shifting Burden. Most Cited Cases
Under *McDonnell-Douglas* burden-shifting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                          Page 3

--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

formula, employee must first establish prima facie case of discrimination, and burden then shifts to employer to articulate a legitimate, nondiscriminatory reason for its actions; if employer does so, *McDonnell-Douglas* framework and its presumptions and burdens disappears leaving sole remaining issue of discrimination vel non, and thus burden shifts back to employee to prove that employer's stated reason is merely pretextual and that discrimination was an actual reason for the adverse employment action.

[8] Civil Rights 78 ⚷1536

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1536 k. Effect of Prima Facie Case; Shifting Burden. Most Cited Cases
Although intermediate evidentiary burdens shift back and forth under *McDonnell-Douglas* framework, ultimate burden of persuading trier of fact that the employer intentionally discriminated against employee remains at all times with employee.

[9] Civil Rights 78 ⚷1545

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1543 Weight and Sufficiency of Evidence
            78k1545 k. Prima Facie Case. Most Cited Cases
Burden of establishing prima facie case of employment discrimination is modest, or even minimal; it is a burden of production, not persuasion, and involves no credibility assessments.

[10] Civil Rights 78 ⚷1101

78 Civil Rights
    78II Employment Practices
        78k1101 k. In General. Most Cited Cases

**Civil Rights 78 ⚷1544**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1543 Weight and Sufficiency of Evidence
            78k1544 k. In General. Most Cited Cases
Employer's burden of showing a legitimate nondiscriminatory reason for its actions is not a particularly steep hurdle; it is not court's role to second-guess employer's personnel decisions, even if foolish, so long as they are nondiscriminatory.

[11] Federal Civil Procedure 170A ⚷2497.1

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(C) Summary Judgment
            170AXVII(C)2 Particular Cases
                170Ak2497 Employees and Employment Discrimination, Actions Involving
                    170Ak2497.1 k. In General. Most Cited Cases
Federal courts do not have a roving commission to review business judgments and may not sit as super personnel departments, assessing the merits, or even the rationality, of employers' nondiscriminatory business decisions; thus, summary judgment evidence that employer made a poor business judgment generally is insufficient to establish question of fact as to credibility of employer's reasons for business decision which has adverse employment effect.

[12] Civil Rights 78 ⚷1137

78 Civil Rights
    78II Employment Practices
        78k1137 k. Motive or Intent; Pretext. Most Cited Cases
In order to demonstrate that employer's stated nondiscriminatory reasons for allegedly discriminatory action are pretextual, employee is not required to show that employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors.

[13] Civil Rights 78 ⚷1137

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

Page 4

78 Civil Rights
   78II Employment Practices
      78k1137 k. Motive or Intent; Pretext. Most Cited Cases

Civil Rights 78 ⇌1535

78 Civil Rights
   78IV Remedies Under Federal Employment Discrimination Statutes
      78k1534 Presumptions, Inferences, and Burden of Proof
         78k1535 k. In General. Most Cited Cases
Discrimination claimant may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons.

[14] Federal Civil Procedure 170A ⇌2546

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)3 Proceedings
            170Ak2542 Evidence
               170Ak2546 k. Weight and Sufficiency. Most Cited Cases
To rebut employer's proffered nondiscriminatory rationale for its actions and withstand summary judgment in employment discrimination action, employee must present more than allegations that are conclusory and unsupported by evidence of any weight.

[15] Civil Rights 78 ⇌1118

78 Civil Rights
   78II Employment Practices
      78k1118 k. Practices Prohibited or Required in General; Elements. Most Cited Cases
To establish prima facie case of discrimination under Title VII, a employee must show that (1) he belonged to a protected class, (2) was qualified for the position he held or sought, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discriminatory intent. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

[16] Civil Rights 78 ⇌1119

78 Civil Rights
   78II Employment Practices
      78k1119 k. Adverse Actions in General. Most Cited Cases
In order to be actionable under federal discrimination laws, an adverse employment action must be tangible or material; "tangible employment action" connotes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decision causing significant change in benefits, and "materially adverse" employment actions can also include demotion evidenced by decrease in wage or salary, less distinguished title, or other indices unique to particular situation.

[17] Civil Rights 78 ⇌1135

78 Civil Rights
   78II Employment Practices
      78k1135 k. Promotion, Demotion, and Transfer. Most Cited Cases
Transfer is an "adverse employment action" that will support prima facie case of discrimination if it results in change in responsibilities so significant as to constitute setback to employee's career; adverse employment action may also be found where employee was transferred from elite unit to one that was less prestigious or where transfer effected radical change in nature of employee's work.

[18] Labor and Employment 231H ⇌824

231H Labor and Employment
   231HVIII Adverse Employment Action
      231HVIII(A) In General
         231Hk823 What Constitutes Adverse Action
            231Hk824 k. In General. Most Cited Cases
To be "materially adverse," change in working conditions must be more disruptive than a mere

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                    Page 5
--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

inconvenience or an alteration of job responsibilities.

**[19] Federal Civil Procedure 170A ⇔2497.1**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(C) Summary Judgment
            170AXVII(C)2 Particular Cases
                170Ak2497 Employees and Employment Discrimination, Actions Involving
                    170Ak2497.1 k. In General. Most Cited Cases
Genuine issue of material fact, as to whether transfers of county health care corporation's Office of Diversity materially altered terms and conditions of its Director's employment in a negative way, precluded summary judgment for employer on Director's Title VII discrimination claim based on his failure to establish "adverse employment action" element of prima facie case. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[20] Civil Rights 78 ⇔1535**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1535 k. In General. Most Cited Cases
Title VII plaintiff may establish last element of prima facie case, that adverse employment action occurred under circumstances giving rise to inference of discriminatory intent, in a number of different ways depending on specific facts of case. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[21] Civil Rights 78 ⇔1138**

78 Civil Rights
    78II Employment Practices
        78k1138 k. Disparate Treatment. Most Cited Cases
Where employee seeks to make out case of discrimination by pointing to disparate treatment of purportedly similarly situated employee, plaintiff employee must show that he shared sufficient employment characteristics with that comparator so that they could be considered similarly situated.

**[22] Civil Rights 78 ⇔1138**

78 Civil Rights
    78II Employment Practices
        78k1138 k. Disparate Treatment. Most Cited Cases
In order to make out prima facie case of unequal pay for equal work under Title VII, employee must show that he was paid less than non-members of his class for work requiring substantially the same responsibility and he must in addition produce evidence of discriminatory animus. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[23] Civil Rights 78 ⇔1138**

78 Civil Rights
    78II Employment Practices
        78k1138 k. Disparate Treatment. Most Cited Cases

**Civil Rights 78 ⇔1535**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1535 k. In General. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity failed to establish inference of discriminatory motive element of prima facie case under Title VII based on evidence he was subjected to excess scrutiny; he failed to identify any Caucasian employee who was similarly situated to him, let alone demonstrate how they were similarly situated. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[24] Civil Rights 78 ⇔1138**

78 Civil Rights
    78II Employment Practices

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 6

--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

78k1138 k. Disparate Treatment. Most Cited Cases

**Civil Rights 78 ⇌1535**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1535 k. In General. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity failed to establish inference of discriminatory motive element of prima facie case under Title VII based on evidence he was recipient of disparate pay; although he identified three allegedly similarly situated employees who were given higher pay raises, he did not offer competent evidence that alleged comparators, all high level corporate officers, had substantially similar job responsibilities. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1)

**[25] Civil Rights 78 ⇌1126**

78 Civil Rights
    78II Employment Practices
        78k1124 Public Employment
            78k1126 k. Particular Cases. Most Cited Cases

**Civil Rights 78 ⇌1535**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1535 k. In General. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity failed to establish fourth element of prima facie case under Title VII through allegation that his superiors engaged in pattern of discriminatory treatment of African-American employees by ignoring and condoning complaints of racial discrimination, discouraging him and Office of Diversity staff from actively investigating claims of racial discrimination, and chastising him for looking into such claim; fact that his superiors may have ignored complaints relating to any form of discrimination, whether based upon gender, religion, ethnicity, disability, or the like, without more, was insufficient to give logical support to inference that they harbored animus towards African-Americans in particular and therefore discriminated against plaintiff because of his race. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[26] Civil Rights 78 ⇌1544**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1543 Weight and Sufficiency of Evidence
            78k1544 k. In General. Most Cited Cases
Stray remarks of decisionmaker, without more, cannot prove a claim of employment discrimination.

**[27] Civil Rights 78 ⇌1535**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1534 Presumptions, Inferences, and Burden of Proof
            78k1535 k. In General. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity failed to establish fourth element of prima facie case under Title VII based on alleged racist comment by corporation's President and Chief Executive Officer in response to proposal about dealing with the black community that "I don't want this to become a black hospital"; comment, standing alone, was insufficient to raise inference of discrimination because there was no nexus between his remark and any of alleged adverse acts, either his transfer or his forced retirement two years after alleged comment. Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1).

**[28] Civil Rights 78 ⇌1243**

78 Civil Rights

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                                Page 7
--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

    78II Employment Practices
       78k1241 Retaliation for Exercise of Rights
          78k1243 k. Practices Prohibited or Required in General; Elements. Most Cited Cases
In order to present prima facie case of retaliation under Title VII, employee must adduce evidence sufficient to permit a rational trier of fact to find that [1] he engaged in protected participation or opposition under Title VII, [2] the employer was aware of this activity, [3] the employer took adverse action against the plaintiff, and [4] a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[29] Civil Rights 78 €=1244

78 Civil Rights
    78II Employment Practices
       78k1241 Retaliation for Exercise of Rights
          78k1244 k. Activities Protected. Most Cited Cases
In order for employee to have been involved in a "protected activity" that will support prima facie case of retaliation under Title VII, he must have had a good faith, reasonable belief that the underlying employment practice was unlawful under Title VII. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[30] Civil Rights 78 €=1244

78 Civil Rights
    78II Employment Practices
       78k1241 Retaliation for Exercise of Rights
          78k1244 k. Activities Protected. Most Cited Cases

Counties 104 €=67

104 Counties
    104III Officers and Agents
       104k67 k. Removal. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity established, as part of his prima facie case of retaliation under Title VII, that he engaged in a "protected activity" under Title VII, even though raising issues of alleged workplace discrimination was part of his job; employee's actions went beyond his official duties, and he not only raised employee complaints of discrimination but also complained that his superiors were not fulfilling their duties under Title VII in properly investigating those complaints. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

African-American former Director of county health care corporation's Office of Diversity established, as part of his prima facie case of retaliation under Title VII, that he engaged in a "protected activity" under Title VII, even though raising issues of alleged workplace discrimination was part of his job; employee's actions went beyond his official duties, and he not only raised employee complaints of discrimination but also complained that his superiors were not fulfilling their duties under Title VII in properly investigating those complaints. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[31] Civil Rights 78 €=1245

78 Civil Rights
    78II Employment Practices
       78k1241 Retaliation for Exercise of Rights
          78k1245 k. Adverse Actions in General. Most Cited Cases
The anti-retaliation provision of Title VII is not limited to discriminatory actions that affect the terms and conditions of employment; instead, "actionable retaliation" is that which well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[32] Civil Rights 78 €=1249(1)

78 Civil Rights
    78II Employment Practices
       78k1241 Retaliation for Exercise of Rights
          78k1249 Public Employment
             78k1249(1) k. In General. Most Cited Cases

Counties 104 €=67

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 8

--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

104 Counties
   104III Officers and Agents
      104k67 k. Removal. Most Cited Cases
Under standard announced in Supreme Court's 2006 *Burlington Northern* decision, African-American former Director of county health care corporation's Office of Diversity satisfied "adverse action" element of his prima facie case of retaliation under Title VII through evidence of transfers of Office and their alleged concomitant adverse consequences. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

Under standard announced in Supreme Court's 2006 *Burlington Northern* decision, African-American former Director of county health care corporation's Office of Diversity satisfied "adverse action" element of his prima facie case of retaliation under Title VII through evidence of transfers of Office and their alleged concomitant adverse consequences. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[33] Civil Rights 78 ⇌1252

78 Civil Rights
   78II Employment Practices
      78k1241 Retaliation for Exercise of Rights
         78k1252 k. Causal Connection; Temporal Proximity. Most Cited Cases

Counties 104 ⇌67

104 Counties
   104III Officers and Agents
      104k67 k. Removal. Most Cited Cases
African-American former Director of county health care corporation's Office of Diversity satisfied causal connection element of his prima facie case of retaliation under Title VII by alleging that adverse actions began to occur within weeks of board meeting at which he engaged in protected activity. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

African-American former Director of county health care corporation's Office of Diversity satisfied causal connection element of his prima facie case of retaliation under Title VII by alleging that adverse actions began to occur within weeks of board meeting at which he engaged in protected activity. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[34] Civil Rights 78 ⇌1249(1)

78 Civil Rights
   78II Employment Practices
      78k1241 Retaliation for Exercise of Rights
         78k1249 Public Employment
            78k1249(1) k. In General. Most Cited Cases

Civil Rights 78 ⇌1541

78 Civil Rights
   78IV Remedies Under Federal Employment Discrimination Statutes
      78k1534 Presumptions, Inferences, and Burden of Proof
         78k1541 k. Retaliation Claims. Most Cited Cases

Counties 104 ⇌67

104 Counties
   104III Officers and Agents
      104k67 k. Removal. Most Cited Cases
Proffered reasons for transfers of county health care corporation's Office of Diversity, which corporate executives believed to be both efficient and more beneficial for all involved, were legitimate and nonretaliatory and shifted burden to former Director to show those reasons were pretext to retaliate against him for activity that was protected under Title VII; President and Chief Executive Officer "made a decision" to transfer Office to Human Resources Department to "enhance" Office's role, Office was then transferred to Office of the General Counsel because issues being investigated by it involved legal matters and was later transferred to Academic Affairs Department because it was performing more educational training, and Office was physically moved closer to Dean of Academic Affairs and Director was physically separated from his staff so as to be in close proximity with Dean. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----

Page 9

--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)
(Cite as: --- F.Supp.2d ----)

Proffered reasons for transfers of county health care corporation's Office of Diversity, which corporate executives believed to be both efficient and more beneficial for all involved, were legitimate and nonretaliatory and shifted burden to former Director to show those reasons were pretext to retaliate against him for activity that was protected under Title VII; President and Chief Executive Officer " made a decision" to transfer Office to Human Resources Department to "enhance" Office's role, Office was then transferred to Office of the General Counsel because issues being investigated by it involved legal matters and was later transferred to Academic Affairs Department because it was performing more educational training, and Office was physically moved closer to Dean of Academic Affairs and Director was physically separated from his staff so as to be in close proximity with Dean. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[35] Federal Civil Procedure 170A €==2497.1

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(C) Summary Judgment
         170AXVII(C)2 Particular Cases
           170Ak2497 Employees and Employment Discrimination, Actions Involving
               170Ak2497.1 k. In General. Most Cited Cases
Genuine issue of material fact, as to whether county health care corporations's proffered legitimate, nonretaliatory reasons for transfers of its Office of Diversity were pretext to retaliate against its Director for protected activity, precluded summary judgment on his Title VII retaliation claim. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e-3(a).

[36] Civil Rights 78 €==1126

78 Civil Rights
   78II Employment Practices
      78k1124 Public Employment
         78k1126 k. Particular Cases. Most Cited Cases
Because African-American county employee's Title VII claims had been dismissed to extent they were based on race discrimination, his claims under other federal civil rights statutes which were based on that theory of recovery had to fail as well. 42 U.S.C.A. §§ 1981, 1983; Civil Rights Act of 1964, § 703(a)(1), as amended, 42 U.S.C.A. § 2000e-2(a)(1)

[37] Constitutional Law 92 €==255(1)

92 Constitutional Law
   92XII Due Process of Law
      92k255 Deprivation of Life or Liberty in General
         92k255(1) k. In General. Most Cited Cases

Constitutional Law 92 €==278(1)

92 Constitutional Law
   92XII Due Process of Law
      92k278 Deprivation of Property in General
         92k278(1) k. In General. Most Cited Cases
To state § 1983 claim premised upon due process violation, plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

[38] Judgment 228 €==627

228 Judgment
   228XIII Merger and Bar of Causes of Action and Defenses
      228XIII(C) Persons Who May Take Advantage of the Bar
         228k627 k. Parties of Record and Privies in General. Most Cited Cases
In its modern form, principle of "privity" bars relitigation of the same cause of action against new defendant known by plaintiff at time of first suit where new defendant has sufficiently close relationship to original defendant to justify preclusion.

[39] Judgment 228 €==702

228 Judgment
   228XIV Conclusiveness of Adjudication
      228XIV(B) Persons Concluded

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2007 WL 805779 (E.D.N.Y.)  
(Cite as: --- F.Supp.2d ----)

Page 10

228k702 k. Government, State, or Municipality, and Officers, Citizens, or Taxpayers. Most Cited Cases
Government officials sued in their official capacities are generally considered to be in privity with the government entity that they serve; however, government official sued in his or her personal capacity is not considered in privity with the government.

[40] Judgment 228 632

228 Judgment
   228XIII Merger and Bar of Causes of Action and Defenses
      228XIII(C) Persons Who May Take Advantage of the Bar
         228k632 k. Persons Not Parties or Privies. Most Cited Cases
Defensive collateral estoppel may be used by defendant who was not party to previous litigation.

[41] Courts 106 99(1)

106 Courts
   106II Establishment, Organization, and Procedure
      106II(G) Rules of Decision
         106k99 Previous Decisions in Same Case as Law of the Case
            106k99(1) k. In General. Most Cited Cases
The "law of the case doctrine" posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case; doctrine is admittedly discretionary and does not limit court's power to reconsider its own decisions prior to final judgment.

[42] Federal Courts 170B 950

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(L) Determination and Disposition of Cause
         170Bk949 Mandate and Effect of Decision in Lower Court
            170Bk950 k. Law of the Case;

Changes in Law or Facts. Most Cited Cases
District court may reconsider its own decision if the law has since changed, new evidence becomes available, to correct an error, or if a manifest injustice would otherwise ensue.

[43] Administrative Law and Procedure 15A 501

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(D) Hearings and Adjudications
         15Ak501 k. Res Judicata. Most Cited Cases

Civil Rights 78 1711

78 Civil Rights
   78V State and Local Remedies
      78k1705 State or Local Administrative Agencies and Proceedings
         78k1711 k. Hearing, Determination, and Relief; Costs and Fees. Most Cited Cases
Res judicata and/or collateral estoppel did not bar retaliation claims under federal civil rights statutes by Director of New York county health care corporation's Office of Diversity against corporation and individual employees thereof; Director might not have been afforded a full and fair opportunity to litigate his claims before New York State Department of Human Rights (NYSDHR), and while he should have raised the issue earlier, defendants were not prejudiced thereby. 42 U.S.C.A. §§ 1981, 1983.

Res judicata and/or collateral estoppel did not bar retaliation claims under federal civil rights statutes by Director of New York county health care corporation's Office of Diversity against corporation and individual employees thereof; Director might not have been afforded a full and fair opportunity to litigate his claims before New York State Department of Human Rights (NYSDHR), and while he should have raised the issue earlier, defendants were not prejudiced thereby. 42 U.S.C.A. §§ 1981, 1983.

[44] Counties 104 141

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.