

G



Not Reported in A.2d                                                                                                                Page 1

Not Reported in A.2d, 2004 WL 2829017 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Bonilla v. City of New Haven
Conn.Super.,2004.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of New Haven.
Gabriel I. BONILLA, ppa Israel Bonilla
v.
CITY OF NEW HAVEN et al.
No. CV040489846S.

Nov. 2, 2004.

Andrew Amendola, East Haven, for Gabriel I. Bonilla and Israel Bonilla.
New Haven Corporation Counsel, New Haven, for City of New Haven Town Clerk, New Haven Board of Education and Reginald Mayo.
HOWARD ZOARSKI, Judge Trial Referee.

*1 The plaintiff, Gabriel Bonilla through his parent, Israel Bonilla, as next friend, filed a three-count revised complaint on June 10, 2004 against the city of New Haven (city), the New Haven board of education (board) and superintendent Reginald Mayo (superintendent). This action arises out of injuries allegedly sustained by the plaintiff as a result of the defendants' alleged negligence.

The plaintiff alleges the following facts in the revised complaint. On April 18, 2000, at 3:30 p.m., the minor plaintiff was playing baseball at a ball field located at the Roberto Clemente School at 360 Columbus Avenue in New Haven, Connecticut, when he fell "due to a hole in the outfield." That at time of the incident, the city, board, and superintendent were "responsible for the maintenance, supervision, inspection, care, and/or control of said ball field."

Counts one and two are against the city and the board, respectively, for negligence under General Statutes § 52-557n. Count three is against the superintendent for common-law negligence. Specifically, the plaintiff alleges in all three counts that his injuries and losses were "a result of the neglect and carelessness of the defendant[s] in ... (a) ... [failing] to routinely inspect the baseball field .... to insure its safety; (b) ... [failing] to warn the plaintiff of the dangerous conditions of the ball field; (c) ... [failing] to fill in the holes of the field despite knowledge that such holes would or could lead to injuries to children and others playing on the field; [and] (d) [they] knew or should have known of the dangerous conditions of the field and yet failed to remedy the same."

On June 17, 2004, the defendants filed a motion to strike all counts of the plaintiff's complaint with a memorandum of law in support of their position. On July 1, 2004, the defendants filed a supplemental memorandum of law in support of their motion to strike. On July 14, 2004, the plaintiff filed a memorandum of law in opposition to the motion.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumball Conservancy, LLC v. Alves,* 262 Conn. 480, 498, 815 A.2d 1188 (2003). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) *Broadnax v. New Haven,* 270 Conn. 133, 173, 851 A.2d 113 (2004). "For the purpose of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted." *Murillo v. Seymour Ambulance Ass'n, Inc.,* 264 Conn. 474, 476, 822 A.2d 1202 (2003). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) *Faulkner v. United Technologies Corp.,* 240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2

Not Reported in A.2d, 2004 WL 2829017 (Conn.Super.)
(Cite as: Not Reported in A.2d)

the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action. (Internal quotation marks omitted.) *Dodd v. Middlesex Mutual Assurance Co.*, 242 Conn. 375, 378, 698 A.2d 859 (1997).

*2 The defendants move to strike all counts of the plaintiff's complaint. As to the first two counts, the defendants move to strike on the ground that under § 52-557n, the city and the board have governmental immunity because the plaintiff's complaint alleges that the city and the board were negligence in their failure to routinely inspect, rather than simply inspect the field, which is a discretionary function. The defendants also move to strike the third count against the superintendent on the ground that the alleged failure of his actions is also discretionary and, therefore, he is protected by qualified immunity. The plaintiff counters, without any analysis in his memorandum of law in opposition, that he is relying on § 52-557n as the basis for liability in all counts and that whether an act or omission is ministerial or discretionary as well as the applicability of qualified immunity are questions of fact.

The Connecticut Supreme Court has determined " that governmental immunity must be raised as a special defense in the defendant's pleadings." *Westport Taxi Service, Inc. v. Westport Transit District*, 235 Conn. 1, 24, 664 A.2d 719 (1995). " [A] motion to strike ordinarily is an improper method for raising a claim of governmental immunity ... [w]here, however, it is apparent from the face of the complaint that the municipality [is] engaging in a governmental function while performing the acts and omission complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." *Doe v. Board of Education*, 76 Conn.App. 296, 299 n. 6, 819 A.2d 289 (2003).

Generally, "governments and their agents are immune from liability for acts conducted in performance of their official duties. The common-law doctrine of governmental immunity has been statutorily enacted and is now largely codified in General Statutes § 52-557n." *Bonamico v. Middletown*, 47 Conn.App. 758, 761, 706 A.2d 1386 (1998). Section 52-557n(a)(2)(B) provides " [e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by ... negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

"The hallmark of a discretionary act is that it requires the exercise of judgment ... [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action ... Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder ... there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.) *Lombard v. Peters, Jr., P.C.*, 252 Conn. 623, 628, 749 A.2d 630 (2000). In the present case, it is not apparent from the complaint whether the alleged omissions to act are a governmental function, namely whether these omissions are a ministerial or discretionary function. The defendants correctly argue that the plaintiff has failed to allege the existence of any "type of written policy or directive that would make ... [the] acts ministerial;" nor does the complaint give any indication of the non-existence of such a procedure. The complaint omits any allegations as to whether there is a set procedure that the city, the board, and/or the superintendent is required to follow in inspecting the field and/or filling holes. If one does not exist then the defendants may be protected under governmental immunity, however, if there is one then the defendants may not be protected.

*3 "Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]." (Internal quotation marks omitted.) *Doe v. Board of Education, supra*, 76 Conn.App. at 299 n. 6. Since it is unclear from the face of the pleadings if the defendants were performing a discretionary governmental function

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                       Page 3
Not Reported in A.2d, 2004 WL 2829017 (Conn.Super.)
(Cite as: Not Reported in A.2d)

or a ministerial one at the time of the alleged negligence, the plaintiff should be afforded the opportunity "to plead facts, by way of a reply to the answer, establishing matters in avoidance of a special defense"; *id.;* such as governmental immunity. In the present case, governmental immunity should be raised as a special defense by the defendants, and, therefore, the motion to strike all counts must be denied.

In the plaintiff's memorandum of law in opposition to the motion, the plaintiff also argues that he was subjected to "imminent foreseeable harm," an exception to immunity for liability by a municipal employee. Whether this exception applies should be reached only if the court determines that it is apparent from the face of the complaint that the defendants were engaging in a discretionary function. The three exceptions to immunity by a municipal employee for discretionary acts are: " first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm ... second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injury, rather than negligence." (Internal quotation marks omitted.) *Purzycki v. Fairfield,* 244 Conn. 101, 108, 708 A.2d 937 (1998).

The exception of an identifiable person subject to imminent harm has been construed by the courts "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims ... [S]choolchildren who are statutorily compelled to attend school, during hours on school days, can be an identifiable class of victims." (Citation omitted; internal quotation marks omitted.) *Id.,* at 108-09. In this case the plaintiff fails to allege that he is a student at the school and/or that the injury occurred during school hours or during a school-sponsored activity. "To qualify for the identifiable person/imminent harm exception to governmental immunity, the plaintiffs must also have alleged legally sufficient facts to demonstrate imminent harm or that there was a foreseeably dangerous condition that was limited in duration

and geographic scope." (Internal quotation marks omitted.) *Dube v. Bye,* Superior Court, judicial district of New Haven, Docket No. CV 98 0418259 (December 13, 1999, Zoarski, J.) (26 Conn. L. Rptr. 290). "Since the incident could have occurred at any time and the complaint does not state that it occurred during school time and that the minor plaintiff is not within an identifiable class of victims ... the exception ... is not applicable." *Rodriguez v. New Haven,* Superior Court, judicial district of New Haven, Docket No. CV 00 0437974 S (June 25, 2004, Licari, J.).

*4 The complaint is ambiguous on the issue of whether the omission to act is discretionary or ministerial, therefore the motion to strike on all three counts is denied.

Conn.Super.,2004.
Bonilla v. City of New Haven
Not Reported in A.2d, 2004 WL 2829017 (Conn.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**Westlaw.**

Not Reported in A.2d

Page 1

Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

▷
Herasimovich v. Town of Wallingford
Conn.Super.,2005.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut,Judicial District of New Haven.
John HERASIMOVICH et al.
v.
TOWN OF WALLINGFORD et al.
No. CV040481797S.

Aug. 8, 2005

THOMPSON, J.
*1 On September 6, 2003, the plaintiffs, John Michael Herasimovich, Martin Peter Herasimovich and Rosemary A. Herasimovich, filed a two-count complaint [FN1] for declaratory and injunctive relief against the defendants, the town of Wallingford (Wallingford) and Greene-Woronick, Inc.[FN2] This action purportedly arises out of an easement quit claimed to Wallingford in 1954 that allows the town to drain surface water flowing from a roadway onto the plaintiffs' property and to install one hundred feet of drainage pipe for that purpose.

> FN1. This complaint was subsequently revised and filed on September 1, 2004. The revised complaint applies to this motion to strike.

> FN2. Only the town of Wallingford is a party to this motion.

In count one, the plaintiffs allege that the reason for which the original easement was granted to Wallingford in 1954 does not exist anymore, and, thus, Wallingford unlawfully continues to use the plaintiffs' property and continues to expand on the original easement without their permission. In count two, the plaintiffs allege an action in trespass against Wallingford based on their allegation that Wallingford does not have the plaintiffs' continuing permission to use their property. The plaintiffs are seeking declaratory relief pursuant to the Connecticut Environmental Protection Act, General Statutes § 22a-16, and injunctive relief pursuant to General Statutes § 52-471 that Wallingford "cease from draining upon the plaintiffs' property all drainage not originally contemplated by the [original] easement."

On September 21, 2004, Wallingford filed an answer that included eight special defenses as to both counts of the complaint and one additional special defense as to count one. In the special defenses one through eight, respectively, Wallingford alleges that: (1) it has acquired a prescriptive easement to discharge the surface water onto the plaintiffs' property; (2) the plaintiffs are barred from asserting their claims by the fifteen-year statute of limitations period set forth in General Statutes § 13a-138a; (3) General Statutes § 13a-138 statutorily authorizes Wallingford to drain water onto the plaintiffs' property; (4) the plaintiffs' action is barred by the doctrine of laches; (5) the plaintiffs' claims must fail because Wallingford has acquired an easement over the plaintiffs' property by implication or necessity; (6) the plaintiffs' action must fail because it acquired the right to the easement through adverse possession in that its use of the plaintiffs' property was open, visible and continuous for more than fifteen years; (7) the plaintiffs' actions are time barred by the three-year statute of limitations set forth in General Statutes § 52-577; and (8) the plaintiffs' actions are barred by the doctrine of governmental immunity, both under common law and pursuant to General Statutes § 52-557n.[FN3] In the ninth special defense, Wallingford alleges that count one of the plaintiffs' action must fail because, under General Statutes § 22a-16, the plaintiffs lack standing to assert their claim.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d   Page 2

Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

> FN3. In the eighth special defense, Wallingford refers to the statute as General Statutes § 52-577, which appears to be a typographical error.

On January 11, 2005, the plaintiffs filed a motion to strike all of Wallingford's special defenses accompanied by a memorandum of law. On February 9, 2005, Wallingford filed a memorandum of law in opposition to the motion.

*2 "The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any [pleading] ... to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC v. Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) *Broadnax v. New Haven*, 270 Conn. 133, 173, 851 A.2d 1113 (2004). "For the purpose of ruling upon a motion to strike, the facts alleged in a [pleading], though not the legal conclusions it may contain, are deemed to be admitted." (Internal quotation marks omitted.) *Murillo v. Seymour Ambulance Assn., Inc.*, 264 Conn. 474, 476, 823 A.2d 1202 (2003). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a ... motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Commissioner of Labor v. C.J.M. Services, Inc*, 268 Conn. 283, 292, 842 A.2d 1124 (2004). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC v. Alves, supra*, 262 Conn. at 498. "Whenever any party wishes to contest ... the legal sufficiency of any answer to any complaint ... or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39.

*First Special Defense-Prescriptive Easement Defense*

The plaintiffs move to strike the first special defense as to both counts on the ground that it fails, as a matter of law, to plead the requisite elements of a claim for a prescriptive easement. Wallingford counters that it has alleged sufficiently all of the necessary elements and that the element of the claim that requires a showing that the use of the land was made "under a claim of right" can be "necessarily implied from the language of the special defense." It further argues that it did plead that the property was used "under a claim of right" in its counterclaim dated September 17, 2004.[FN4]

> FN4. Whether Wallingford has incorporated into its counterclaim facts that support the element "under a claim of right" is irrelevant to the plaintiffs' motion to strike because the plaintiffs are not seeking to strike the counterclaim.

A prescriptive easement is established by demonstrating that "the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." (Internal quotation marks omitted.) *Waterbury v. Washington*, 260 Conn. 506, 577, 800 A.2d 1102 (2002). "There can be no claim of right unless the use is unaccompanied by any recognition of [the right of the servient tenement] to stop such use. A use by express or implied permission or implied permission or license cannot ripen into an easement by prescription ... Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." (Citations omitted; internal quotation marks omitted.) *Westchester v. Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993).

*3 Wallingford's first special defense alleges: "The plaintiffs' action must fail because the defendant has acquired a prescriptive easement to discharge surface water from Highland Avenue and other connecting subdivisions/roads onto the plaintiffs' property based on the Town's open, visible, uninterrupted and continuous drainage of surface water ... for more than 15 years." Wallingford does

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                 Page 3

Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

not allege that the prescriptive easement was obtained under a claim of right and, as required by Connecticut law, this court may not imply it. Therefore the plaintiffs' motion to strike the first special defense is granted.

*Second Special Defense-General Statutes § 13a-138a-Fifteen-Year Statute of Limitations; Third Special Defense-General Statutes § 13a-138; Seventh Special Defense-General Statutes § 52-577 -Three-Year Statute of Limitations; Eighth Special Defense-General Statutes § 52-557n-Governmental Immunity*

The plaintiffs move to strike the second and third special defense on the ground that Wallingford fails to allege any of the underlying facts that are necessary to bring this action under General Statutes § 13a-138a and 13a-138, respectively, and, thus, these special defenses violate Practice Book §§ 10-1 [FN5] and 10-2.[FN6] The plaintiffs also argue that the statute of limitations in § 13a-138a [FN7] does not apply in this case, because the plaintiffs clearly pleaded in their complaint that Wallingford had acquired an easement and that the statute is applicable only in the absence of an easement.

> FN5. Practice Book § 10-1 provides in relevant part: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies ..."
>
> FN6. Practice Book § 10-2 provides in relevant part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove."
>
> FN7. General Statutes § 13a-138a provides in relevant part: "No action shall be brought by the owner of land adjoining a public highway, or of any interest in such land, for recovery of damage to such property or interest by reason of any draining of water into or through such land

by any town, city, borough or other political subdivision of the state ... but within fifteen years next after the first occurrence of such drainage, except that if such drainage first occurred prior to October 1, 1981, no such action shall be brought after October 1, 1986."

In response, Wallingford argues that §§ 13a-138a and 13a-138 [FN8] do apply inasmuch as the plaintiffs have challenged the existence and the validity of the easement. It argues that the plaintiffs allege that the easement might be null and void due to the absence of any documents supporting the original conveyance of the easement rights. Wallingford points out that the plaintiffs also allege that even if the easement was valid at its inception, it is no longer since the reason for the original easement was abandoned in 1958. Wallingford further asserts that if the plaintiffs' argument about the validity of the easement should be accepted, then Wallingford should be allowed to benefit from the time limitation of fifteen years as set forth in § 13a-138a and from the statutory authorization defense set forth in § 13a-138.

> FN8. General Statutes § 13a-138 provides: "(a) Persons authorized to construct or repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land. (b) Nothing in this section shall be so construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and enclosures used exclusively for the storage and sale of goods and merchandise."

As to Wallingford's seventh and eighth special defenses, the plaintiffs argue that Wallingford fails to plead sufficient facts as required by the rules of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                    Page 4

Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

practice § 10-50,[FN9] to indicate how the statute of limitations for a tort and how governmental immunity apply to a declaratory judgment action. In response to the motion to strike the seventh special defense, Wallingford concedes that the statute of limitations set forth in General Statutes § 52-577 [FN10] is inapplicable to the plaintiffs' first count. It further argues, however, that the statute of limitations is a valid defense to the second count, because the Connecticut Supreme Court has recognized that § 52-577 applies to all actions based on a tort unless there has been a specific statutory exclusion, and in count two, the plaintiffs' have alleged an intentional tort, a trespass claim. As to its eighth special defense, Wallingford also concedes that the governmental immunity defense does not bar the plaintiffs' first claim for a declaratory judgment. It argues, however, that Wallingford is immune from suits for intentional torts and since the second count alleges an intentional tort, the governmental immunity special defense applies here and it should not be stricken.

> FN9. Practice Book § 10-50 provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be especially alleged. Thus ... the statute of limitations ... must be specially pleaded ..."

> FN10. General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

*4 The second special defense alleges that "[t]he plaintiffs' action is barred by the fifteen-year statute of limitations period set forth in Connecticut General Statutes § 13a-138a." The third special defense alleges that "[t]he plaintiffs' action must fail because the defendant is statutorily authorized to drain surface water onto the plaintiffs' property pursuant to Connecticut General Statutes § 13a-138." The seventh special defense alleges that "[t]he plaintiffs' action is barred by the three-year statute of limitations period set forth in Connecticut General Statutes § 52-577." Lastly, the eighth special defense alleges that "[t]he plaintiffs' action is barred by the doctrine of governmental immunity at common law and pursuant to Connecticut General Statutes § 52-557n." [FN11]

> FN11. See footnote 3.

"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action ... The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." (Citations omitted.) *Bennett v. Automobile Ins Co. of Hartford*, 230 Conn. 795, 802, 646 A.2d 806 (1994). In the second, third, seventh and eighth special defenses, Wallingford's allegations are devoid of any facts and any explanation of the legal theories on which it is relying to support its contentions. Wallingford simply states that the plaintiffs' cause of action is barred by the applicable statute. As a result, the plaintiffs' motion to strike the second, third, seventh and eighth special defenses is granted.

*Fourth Special Defense-Laches*

The plaintiffs move to strike laches as a special defense to both counts on the ground that Wallingford again fails to plead any facts as to how any delay in bringing this action was inexcusable and prejudicial to Wallingford. The plaintiffs argue that by stating that they subsequently approved the drainage of the surface water from the Heritage Baptist Temple and Shangri Lane into Highland Avenue, this does not explain how Wallingford was prejudiced.

In response, Wallingford asserts that its allegations, when read broadly, include a claim that the drainage was open and obvious, from which the court could infer that the plaintiffs had notice of the drainage.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                      Page 5

Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

Wallingford further argues that if the plaintiffs had notice of the drainage which they now claim to be illegal, then they should have taken timely steps to remedy the situation, which they did not do. Wallingford also maintains that, because of the plaintiffs' failure to seek recourse, it was prejudiced as it relied on this failure and installed additional sites to drain into the drainage system and then onto the plaintiffs' property.

"Laches occurs when neglect or omission to assert a right taken in conjunction with lapse of time and other circumstances, causes prejudice to an adverse party so as to operate as a bar to relief in equity .... Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant .... The mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.) *Traggis v. Shawmut Bank of Connecticut, N.A.,* 72 Conn.App. 251, 262, 805 A.2d 105, cert. denied, 262 Conn. 903, 810 A.2d 270 (2002).

*5 In this case the allegations are not sufficient to support Wallingford's special defense of laches. Wallingford simply claims that its drainage of water onto the plaintiffs' property was open and obvious and the plaintiffs failed to seek timely recourse for this drainage, which was prejudicial to it, and implicitly, approved the additional drainage onto the plaintiffs' property. Wallingford fails to allege facts, however, which could explain how it was prejudiced by this or to what time period it is referring. In addition, Wallingford may not " incorporate the factual claims of the plaintiff without stating them .... Thus, [where] no information is provided as to what actions or lack thereof the defendants rely on, a motion to strike is properly granted." (Citation omitted; internal quotation marks omitted.) *First Nationwide Mortgage Corp. v. Murphy,* Superior Court, judicial district of New London, Docket No. CV 99 0550981 (November 19, 1999, Martin, J.). Accordingly, the plaintiffs' motion to strike the fourth special defense is granted on both counts.

*Fifth Special Defense-Easement by Implication or*

*Necessity*

The plaintiffs move to strike the fifth special defense, easement by implication or necessity as to both counts, on the ground that Wallingford fails to plead any facts establishing the elements necessary to acquire an easement by implication or necessity. The plaintiffs argue that the only right Wallingford has to the land is the same as the public's right, to pass and repass, and nowhere does it allege that it owns the underlying land. The plaintiffs also argue that an easement by implication or necessity applies to land locked property and "must arise within the four corners of the transaction implicating that the deeds of conveyance in question can be interpreted to include something that was overlooked," which has not been alleged. In addition, the plaintiffs argue that Wallingford has not pleaded that there was something inherent in the original grant of the easement that stopped it from utilizing the easement as originally granted, rather it is arguing that it cannot enlarge the original easement. Wallingford answers that it does in fact have a property interest in the easement. Further, it argues that it has the right to drain all the water onto the plaintiffs' property and any additional water being drained onto the property was done as of necessity to fully enjoy the granted easement.

"An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance; and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property ... In the absence of common ownership ... an easement by implication may arise based on the actions of adjoining property owners ....

"There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Citations omitted.) *Kenny v. Dwyer,* 16 Conn.App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815, 550 A.2d 1084 (1988).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                    Page 6
Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

*6 Wallingford's fifth special defense does not plead sufficient facts necessary to establish an easement by implication or necessity. Wallingford has omitted any facts showing the intent of the parties, instead, it alleges merely that its use of the plaintiffs' property was "open, visible, uninterrupted and continuous ..." ... "These allegations meet some of the requirements necessary for a prescriptive easement, but not an easement by implication. Wallingford also fails to sufficiently plead that the easement is reasonably necessary for its use and enjoyment of the property. Although it alleges that " such drainage is reasonably necessary for the defendant's fair enjoyment of the property," this legal conclusion is devoid of any facts. The motion to strike the fifth special defense is granted.

*Sixth Special Defense-Adverse Possession*

The plaintiffs move to strike the sixth special defense as to both counts on the ground that Wallingford is attempting to plead adverse possession, which has not been alleged in the complaint. The plaintiffs argue that once again no material facts necessary to establish the defense of adverse possession have been pleaded by clear and convincing evidence. The plaintiffs also argue that their complaint alleges an easement, a permissive right to use their land, and that Wallingford's use of their land was not accompanied by any ouster or commenced in a hostile manner, both of which are necessary to establish adverse possession. The plaintiffs further argue that Wallingford fails to include a claim of right with the intent to disregard the true owner's right to possession, and that their complaint, which acknowledges an existing easement, has pleaded an overburdening of that easement, not an adverse possession claim.

Wallingford counters that the plaintiffs are challenging the existence of a valid easement, and, thus, it should be allowed to plead adverse possession as a special defense in response. It also argues that it pleaded the element of a claim of right in its counterclaim.[FN12] It further argues that, although it did not expressly allege that it drained water into the property under a claim of right, the fact can be implied from its pleading of an adverse possession claim under General Statutes § 47-37.[FN13]

> FN12. See footnote 4.
>
> FN13. General Statutes § 47-37 provides: " No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." There is no reference, however, to this statute in Wallingford's special defense.

"The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." (Internal quotation marks omitted.) *Roche v. Fairfield*, 186 Conn. 490, 498, 442 A.2d 911 (1982). "Adverse possession must be proven by the claimant ... by clear and convincing evidence ..." (Internal quotation marks omitted.) *Goodrich v. Diodato*, 48 Conn.App. 436, 442, 710 A.2d 818 (1998). "[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution ... [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." *Wildwood Associates, Ltd. v. Esposito*, 211 Conn. 36, 42, 557 A.2d 1241 (1989).

*7 Wallingford's sixth special defense does not sufficiently plead facts necessary to establish adverse possession, and, thus, is stricken. Although Wallingford does plead that the drainage onto the plaintiff's property was open, visible and continuous for more than fifteen years, it does not allege that it was made under a claim of right. It also does not allege when the time period necessary to establish adverse possession started running.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 7
Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
(Cite as: Not Reported in A.2d)

*Ninth Special Defense-Lack of Standing*

The plaintiffs move to strike the ninth special defense as to count one on the ground that it is a legal conclusion completely unsupported by facts. The plaintiffs argue that Wallingford has not alleged sufficient facts to support its special defense of a lack of standing under § 22a-16. In particular, the plaintiffs argue that Wallingford fails to allege why they lack standing, why they are not a "person" within the meaning of the statute, and why the excessive water drainage is not part of the air, water and other natural resources of the state, as required by the statute. Wallingford counters that the special defense is legally sufficient because the plaintiffs are only alleging damage to their own private property and not to a natural resource of the state, which is not enough for standing under § 22a-16.

Section 22a-16 provides in pertinent part: "[A]ny person ... may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business ... for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof ... for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction...." To establish a cause of action under the Connecticut Environmental Protection Act (CEPA), General Statutes § 22a-14 et seq., a plaintiff must allege: (1) the involvement of a protectible natural resource, and (2) an unreasonable pollution, impairment or destruction of that resource. General Statutes § 22a-16. " Determining that Connecticut's natural resources including water, are a public trust, our legislature found that 'each person is entitled to protection, preservation, and enhancement' of those resources and that 'it is in the public interest to provide all persons with an adequate remedy' to protect them. General Statutes § 22a-15." *Waterbury v. Washington,* Superior Court, complex litigation docket at Waterbury, Docket No. X01 CV 97 0140886 (February 16, 2000, Hodgson, J.); rev'd on other grounds, 260 Conn. 506, 800 A.2d 1102 (2002). "It is settled that the existence of statutory standing [under § 22a-16] depends on whether the interest sought to be protected by the [plaintiff] is arguably within the zone of interests to be protected or regulated by the statute ... Under § 22a-16 ... [a plaintiff must allege] a colorable claim, by any person [or entity] against any person [or entity], of conduct resulting in harm to one or more of the natural resources of this state ... Although it is true, of course, that the plaintiff need not prove its case at this stage of the proceedings the plaintiff nevertheless must articulate a colorable claim of unreasonable pollution, impairment or destruction of the environment." (Citations omitted; internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC v. New London,* 265 Conn. 423, 432, 29 A.2d 801 (2003).

*8 The plaintiffs' complaint states, *inter alia*: "The actions of the defendant Town of Wallingford have and are causing unreasonable pollution, impairment and destruction of the natural resources of the State of Connecticut"; the plaintiffs' property is being inundated with water; Wallingford's drainage has caused the disturbance of topsoils, erosion and scouring of the plaintiffs' soils, the channelization of their land, and the pollution thereof; and that the increased drainage onto the plaintiffs' property was without notice and without permission. The special defense alleged by Wallingford states: "The plaintiffs' action must fail because the plaintiffs lack standing to assert a claim pursuant to .... § 22a-16. The plaintiffs are seeking to cease drainage onto their own private property as opposed to protecting the natural resources of Connecticut."

Wallingford's ninth special defense is stricken. The plaintiffs' action stems from an easement granted to Wallingford in 1954, which it has been overburdening, resulting in an impairment to the drainage of the water. The plaintiffs have alleged that the water is a natural resource held in the public trust and that Wallingford has been excessively overburdening the drainage of that water. As such the plaintiffs have standing to sue under § 22a-16, and Wallingford's special defense must fail.

For the foregoing reasons, plaintiffs' motion to strike is hereby granted.

Conn.Super.,2005.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 8
Not Reported in A.2d, 2005 WL 2082933 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Herasimovich v. Town of Wallingford
Not Reported in A.2d, 2005 WL 2082933
(Conn.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.