UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOUTH LYME PROPERTY OWNERS ASSOCIATION, INC., CHARLES AND VICTORIA PARSONS AND JOAN BYER, : : : : | CIVIL ACTION NO. 3:00CV97 (EBB) |
| Plaintiffs : | |
| VS. : : | |
| TOWN OF OLD LYME, TOWN OF OLD LYME ZONING COMMISSION, ERIC FRIES, GEORGE JAMES, JANE MARSH, THOMAS RISOM, WALTER SEIFERT, SHARON COLVIN AND MARILYN OZOLS, : : : : : : | |
| Defendants : | MAY 1, 2007 |

**PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

Pursuant to Local Rule 56(a)(2), the Plaintiffs, South Lyme Property Owners Association, Inc., Charles Parsons, Victoria Parsons, and Joan Byer, submit their Rule 56(a)(2) Statement regarding the certain Defendants' February 20, 2007 motion for summary judgment.

I. **RESPONSES TO DEFENDANTS' LOCAL RULE 56(A)(1) STATEMENT**

1. Admitted.

2. Admitted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

3. Admitted as to individual defendants.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted insofar as the date of the adoption. Its contents and legal role are set forth therein and in Conn. Gen. Stat. § 8-26.

18. Denied.

19. Denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

20. Not an assertion of fact subject to admission or denial.

21. Denied as to the Challenged Regulations.

22. Denied.

23. Denied.

24. Not an assertion of fact subject to admission or denial.

25. Admitted.

26. Admitted.

27. Insofar as the paragraph contains an allegation of fact, denied. No provision of the Connecticut General Statutes establishes a regulatory deadline for review by the zoning enforcement officer of a registration of a nonconforming use. The statutory deadlines are imposed when and if the zoning enforcement officer makes a determination that a property has been erroneously registered. Conn. Gen. Stat. § 8-7

28. Admitted. The plaintiffs have no knowledge of the requirement of a release to conduct a zoning investigation, but have no specific basis to deny that fact.

29. The plaintiffs cannot admit or deny an estimate of the Town.

30. The plaintiffs cannot admit or deny the opinion of the Town.

31. The plaintiffs cannot admit or deny the opinion of the Town.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

32. Denied. The statutory deadline for action run from the date of a determination by the zoning enforcement officer that a registration is erroneous. Conn. Gen. Stat. § 8-7. No statutory deadline exists for a zoning enforcement officer to review registrations of nonconforming uses. Chapter 126 of the Connecticut General Statutes generally, and Conn. Gen. Stat. § 8-7.

33. Admitted.

34. Admitted.

35. The plaintiffs admit that members of zoning boards of appeal are not compensated but are not able to confirm or deny the assumption and opinion contained in the paragraph.

36. The plaintiffs cannot admit or deny an opinion of the Town.

37. The plaintiffs cannot admit or deny the opinion of the Town.

38. The plaintiffs cannot admit or deny the opinion of the Town.

39. Plaintiffs admit that both the existing process and a registration process would leave to the discretion of the zoning enforcement officer when and if to make a formal determination regarding the valid existence of a nonconforming use.

40. The plaintiffs cannot admit or deny the opinion of the Town.

41. Admitted.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## II. DISPUTED ISSUES OF MATERIAL FACT

Plaintiffs contend that the following issues of disputed fact exist regarding the grounds for the certain Defendants' motion for summary judgment:

1. Whether the Town of Old Lyme Zoning Commission received or considered any evidence regarding environmental protection prior to its adoption of the challenged regulations. *See* **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp. 64-65; **Exh. R**, Town of Old Lyme Zoning Commission Minutes (4/10/95).

2. Whether the Town of Old Lyme engaged in a decades long effort to bar year round use of properties in the Town's beach communities unrelated to concerns of environmental protection. *See* **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 6-8; **Exh. D**, Depo. Ozols (Vol. II) (9/30/03) at pp. 44-45; **Exh. G**, Depo. James (Vol. II) (8/15/03) at pp. 68-74; **Exh. K**, Depo. Fries (Vol. II) (9/24/03) at pp. 33-39; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at pp. 34-36; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at p. 37; **Exh. O**, Depo. Risom (Vol. II) (8/15/03) at p. 41; **Exh. P**, Affidavit of Joseph Russo (4/30/07) at p. 4, ¶ 23; **Exh. Q**, Affidavit of Gary Gnazzo (4/30/07) at pp. 2, 4, ¶¶ 10, 19.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

3. Whether the Town of Old Lyme denies that there is an environmental pollution problem in the Town's beach communities so long as a proper septic program is implemented. *See* **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp. 48, 57; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at p. 69; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 36-37, 62-63; **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp. 28-29, 56-57.

4. Whether the Town of Old Lyme, while denying that a pollution problem exists when occupancy of the Town's beach communities is at or near full capacity during the summer months, believes that restricting use of those same residences during the winter months of the year is somehow rationally related to environmental protection, and whether it is rationally related to a legitimate public purpose. *See* **Exh. A**, Depo. Roberts (Vol. 1) (9/24/03) at pp. 80-88; **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 17-20; **Exh. C**, Depo. Ozols (Vol. I) (8/20/03) at pp. 57-58; **Exh. E**, Depo. Colvin (Vol. I) (7/21/03) at pp. 30-34; **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp. 55-58; **Exh. G**, Depo. James (Vol. II) (8/15/03) at pp. 30-31; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at pp. 69, 73-75; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at pp. 79-81; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 62-68, 73-74; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at pp. 66-68, 70-75.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

5. Whether the protection of environmental resources is a basis for the challenged regulations and whether the challenged regulations are rationally related to any legitimate municipal interest. *See* **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp. 64-65; **Exh. O**, Depo. Risom (Vol. II) (8/15/03) at p. 41.

6. Whether any environmental study or report commissioned or received by the Town of Old Lyme or its officials before or after the challenged regulations were adopted finds any correlation between barring use of the residences during the winter months and environmental protection. *See* **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 18-19; **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp 56-57; **Exh. H**, Report of the South Lyme Property Owners Association, Inc. (3/25/04) at pp. 22-29; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at p. 79.

7. Whether studies available at and since the time of the adoption of the challenged regulations demonstrate that restricting use of septic systems for a prolonged period during winter months will reduce the effectiveness of septic systems. *See* **Exh. H**, Report of the South Lyme Property Owners Association, Inc. (3/25/04) at pp. 22-29; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at p. 40; **Exh. J**, Depo. Clark (Vol. I) (9/23/04) at pp. 147-49.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

8. Whether the Town of Old Lyme and its official's motivation to undertake longstanding efforts to restrict year round use was to prevent the purchase or rental of the relatively small homes in the effected zone by lower-income persons or families would require governmental services such as education and infrastructure maintenance and would adversely impact the "character" of the Town. *See* **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 3-8, 12-14, 23-30, 35-37; **Exh. E**, Depo. Colvin (Vol. I) (7/21/03) at pp. 19-20; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at pp. 67-78; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 37-44; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at pp. 41-46; **Exh. P**, Affidavit of Joseph Russo (4/30/07) at p. 3, ¶ 13; **Exh. Q**, Affidavit of Gary Gnazzo (4/30/07) at p. 3, ¶ 14.

9. Whether the Town of Old Lyme engaged in on-going enforcement of the challenged regulations through the use of seasonal determinations under the unconstitutional regulations thereby prohibiting residents' year round use of their property. **Exh. D**, Depo. Ozols (Vol. II) (9/30/03) at pp. 33-35.

10. Whether the Town of Old Lyme Zoning Commission's development and establishment of policies to implement the challenged regulations were enacted

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

under a formal legislative process. *See* **Exh. C**, Depo. Ozols (Vol. I) (8/20/03) at p. 49.

11. Whether the Town of Old Lyme has historically opposed the installation of sewers. *See* **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at p. 37.

12. Whether it is objectively reasonable for public officials to believe that the policy of basing the determination of the existence of a legal non-conforming use on public records alone and refusing to consider testimonial evidence to rebut such a determination is lawful and constitutional. *See* **Exh. D**, Depo. Ozols (Vol. II) (9/30/03) at pp. 25-26.

> THE PLAINTIFFS,
> SOUTH LYME PROPERTY OWNERS
> ASSOCIATION, INC., CHARLES AND
> VICTORIA PARSONS AND JOAN BYER
>
> By_____
> Kenneth R. Slater, Jr. and
> Thomas C. Blatchley of
> HALLORAN & SAGE LLP
> Fed. Bar #ct 09451
> One Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103
> (860) 522-6103

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of May 2007, I hereby mailed a copy of the foregoing to:

John J. Radshaw, III, Esq.
Thomas R. Gerarde, Esq.
David S. Monastersky, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

Eric Knapp, Esq.
Mark K. Branse, Esq.
Branse & Willis LLC
41-C New London Turnpike
Glastonbury, CT  06033

Kenneth R. Slater, Jr.

985020 1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105