**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SOUTH LYME PROPERTY OWNERS | : | CIVIL ACTION |
| ASSOCIATION, INC., CHARLES AND | : | NO. 3:00CV97 (EBB) |
| VICTORIA PARSONS AND JOAN BYER, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF OLD LYME, TOWN OF OLD | : | |
| LYME ZONING COMMISSION, ERIC FRIES, | : | |
| GEORGE JAMES, JANE MARSH, THOMAS | : | |
| RISOM, WALTER SEIFERT, SHARON COLVIN | : | |
| AND MARILYN OZOLS, | : | |
| | : | |
| Defendants | : | May 1, 2007 |

**PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

Pursuant to Local Rule 56(a)(2), the Plaintiffs, South Lyme Property Owners

Association, Inc., Charles Parsons, Victoria Parsons, and Joan Byer (the "Plaintiffs"), submit

their Rule 56(a)(2) Statement regarding the certain Defendants' February 9, 2007 motion for

summary judgment.

I.    **RESPONSES TO DEFENDANTS' LOCAL RULE 56(A)(1) STATEMENT**

1.    Admitted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

2.      Admitted in part.  Plaintiffs admit that at all times relevant to the allegations of the complaint, the individual defendants, Eric Fries, George James, Jane Marsh, Thomas Risom, Walter Siefert and Sharon Colvin, served as member of the Town of Old Lyme Zoning Commission.

3.      Admitted.

4.      Admitted in part.  Plaintiffs admit that the individual defendants, Eric Fries, George James, Jane Marsh, Thomas Risom, Walter Siefert and Sharon Colvin, voted to adopt the challenged regulations.

5.      Admitted.

6.      Admitted in part.  Plaintiffs admit that at the time the individual defendants, Eric Fries, George James, Jane Marsh, Thomas Risom, Walter Siefert and Sharon Colvin, as individual member of the Town of Old Lyme Zoning Commission, voted  for the regulations or amendments to the regulations, they were acting in both their official and personal capacities.

7.      Denied.

8.      Admitted.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford. CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

## II.    DISPUTED ISSUES OF MATERIAL FACT

Plaintiffs contend that the following issues of disputed fact exist regarding the grounds for the certain Defendants' motion for summary judgment:

1.    Whether the Town of Old Lyme Zoning Commission received or considered any evidence regarding environmental protection prior to its adoption of the challenged regulations.  *See* **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp. 64-65; **Exh. R**, Town of Old Lyme Zoning Commission Minutes (4/10/95).

2.    Whether the Town of Old Lyme engaged in a decades long effort to bar year round use of properties in the Town's beach communities unrelated to concerns of environmental protection.  *See* **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 6-8; **Exh. D**, Depo. Ozols (Vol. II) (9/30/03) at pp. 44-45; **Exh. G**, Depo. James (Vol. II) (8/15/03) at pp. 68-74; **Exh. K**, Depo. Fries (Vol. II) (9/24/03) at pp. 33-39; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at pp. 34-36; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at p. 37; **Exh. O**, Depo. Risom (Vol. II) (8/15/03) at p. 41; **Exh. P**, Affidavit of Joseph Russo (4/30/07) at p. 4, ¶ 23; **Exh. Q**, Affidavit of Gary Gnazzo (4/30/07) at pp. 2, 4, ¶¶ 10, 19.

3.    Whether the Town of Old Lyme denies that there is an environmental pollution problem in the Town's beach communities so long as a proper septic program is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

implemented. *See* **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp. 48, 57; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at p. 69; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 36-37, 62-63; **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp. 28-29, 56-57; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at pp. 41-46.

4.    Whether the Town of Old Lyme, while denying that a pollution problem exists when occupancy of the Town's beach communities is at or near full capacity during the summer months, believes that restricting use of those same residences during the winter months of the year is somehow rationally related to environmental protection, and whether it is rationally related to a legitimate public purpose. *See* **Exh. A**, Depo. Roberts (Vol. 1) (9/24/03) at pp. 80-88; **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 17-20; **Exh. C**, Depo. Ozols (Vol. I) (8/20/03) at pp. 57-58; **Exh. E**, Depo. Colvin (Vol. I) (7/21/03) at pp. 30-34; **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp. 55-58; **Exh. G**, Depo. James (Vol. II) (8/15/03) at pp. 30-31; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at pp. 69, 73-75; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at pp. 79-81; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 62-68, 73-74; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at pp. 66-68, 70-75.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

5.    Whether the protection of environmental resources is a basis for the challenged

regulations and whether the challenged regulations are rationally related to any

legitimate municipal interest.  *See* **Exh. N**, Depo. Risom (Vol. I) (7/11/03) at pp.

64-65; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at p. 41.

6.    Whether any environmental study or report commissioned or received by the

Town of Old Lyme or its officials before or after the challenged regulations were

adopted finds any correlation between barring use of the residences during the

winter months and environmental protection.  *See* **Exh. B**, Depo. Marsh (Vol. II)

(8/19/03) at pp. 18-19; **Exh. F**, Depo. James (Vol. I) (7/23/03) at pp 56-57; **Exh.**

**H**, Report of the South Lyme Property Owners Association, Inc. (3/25/04) at pp.

22-29; **Exh. L**, Depo. Fries (Vol. I) (8/25/03) at p. 79.

7.    Whether studies available at and since the time of the adoption of the challenged

regulations demonstrate that restricting use of septic systems for a prolonged

period during winter months will reduce the effectiveness of septic systems.  *See*

**Exh. H**, Report of the South Lyme Property Owners Association, Inc. (3/25/04) at

pp. 22-29; **Exh. I**, Depo. Rose (Vol. I) (11/21/03) at p. 40; **Exh. J**, Depo. Clark

(Vol. I) (9/23/04) at pp. 147-49.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8.    Whether the Town of Old Lyme and its official's motivation to undertake

longstanding efforts to restrict year round use was to prevent the purchase or

rental of the relatively small homes in the effected zone by lower-income persons

or families would require governmental services such as education and

infrastructure maintenance and would adversely impact the "character" of the

Town. *See* **Exh. B**, Depo. Marsh (Vol. II) (8/19/03) at pp. 3-8, 12-14, 23-30, 35-

37; **Exh. E**, Depo. Colvin (Vol. I) (7/21/03) at pp. 19-20; **Exh. L**, Depo. Fries

(Vol. I) (8/25/03) at pp. 67-78; **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at pp. 37-

44; **Exh. 0**, Depo. Risom (Vol. II) (8/15/03) at pp. 41-46; **Exh. P**, Affidavit of

Joseph Russo (4/30/07) at p. 3, ¶ 13; **Exh. Q**, Affidavit of Gary Gnazzo (4/30/07)

at p. 3, ¶ 14.

9.    Whether the Town of Old Lyme engaged in on-going enforcement of the

challenged regulations through the use of seasonal determinations under the

unconstitutional regulations thereby prohibiting residents' year round use of their

property. *See* **Exh. D**, Depo. Ozols (Vol. II) (9/30/03) at pp. 33-35.

10.   Whether the Town of Old Lyme Zoning Commission's development and

establishment of policies to implement the challenged regulations were enacted

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

under a formal legislative process.  *See* **Exh. C**, Depo. Ozols (Vol. I) (8/20/03) at

p. 49.

11.    Whether the Town of Old Lyme has historically opposed the installation of

sewers.  *See* **Exh. M**, Depo. Marsh (Vol. I) (7/23/03) at p. 37.

12.    Whether it is objectively reasonable for public officials to believe that the policy

of basing the determination of the existence of a legal non-conforming use on

public records alone and refusing to consider testimonial evidence to rebut such a

determination is lawful and constitutional.  *See* **Exh. D**, Depo. Ozols (Vol. II)

(9/30/03) at pp. 25-26.


THE PLAINTIFFS,
SOUTH LYME PROPERTY OWNERS
ASSOCIATION, INC., CHARLES AND
VICTORIA PARSONS AND JOAN BYER


By _____
      Kenneth R. Slater, Jr. and
      Thomas C. Blatchley of
      HALLORAN & SAGE LLP
      Fed. Bar #ct 09451
      One Goodwin Square
      225 Asylum Street
      Hartford, CT 06103
      (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 1st day of May 2007, I hereby mailed a copy of the foregoing to:

John J. Radshaw, III, Esq.
Thomas R. Gerarde, Esq.
David S. Monastersky, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT   06114


Eric Knapp, Esq.
Mark K. Branse, Esq.
Branse & Willis LLC
41-C New London Turnpike
Glastonbury, CT   06033

_____
Kenneth R. Slater, Jr.

985020.1

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105